## MARTIN FRANK ET AL. v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF HUDSON.

The fact that a building upon which labor is done, or to which materials are furnished, is the property of a municipal corporation, and used or designed for public use, will not defeat an action brought by such laborer or material-man against the owner, under the third section of the mechanics' lien act.

On demurrer to declaration.

The declaration in this case sets out substantially the following : That the defendants, on December 19th, 1874, made a contract in writing with one McDonald, by which McDonald was to erect and finish two pavilions on Snake Hill, in Hudson county, according to specifications, and to find mate-

rials for the same, for which said McDonald was to receive
$6718; that said contract, or a duplicate thereof, was, on
December 23d, filed in the office of the clerk of Hudson
county, before any work was done or materials furnished.

That on April 22d, 1875, said McDonald employed the
plaintiffs, who agreed with McDonald to paint the said pavil-
ions at Snake Hill, and to furnish certain materials required
to be furnished by the original contract, for which McDonald
agreed to pay plaintiffs $350; that plaintiffs did paint and
furnish the said materials, according to their contract, and
demanded the said sum of $350 of McDonald, who refused
to pay the same; that plaintiffs afterward, on October 7th,
gave notice, in writing, to the defendants, being the owners
of said pavilions, that said sum of $350 was due to them,
the plaintiffs, &c, and had been demanded of McDonald,
who had refused to pay; that defendants were then satisfied
of the correctness of said demand, and that there was then
due from defendants to McDonald the sum of $500 on the
original contract; that McDonald has never paid plaintiffs;
by means whereof, &c.

To the declaration a demurrer is interposed.

Argued at February Term, 1877, before BEASLEY, CHIEF
JUSTICE, and Justices KNAPP, DIXON and REED.

For the plaintiffs, *A. S. Cloke* and *G. Collins.*

For the demurrants, *J. H. Lippincott.*

The opinion of the court was delivered by

REED, J.   The facts alleged in the declaration in this
cause present a case against the owner, unless there is some
element in the case which arrests the usual operation of the
third section of the mechanics' lien act.  *Reeve* v. *Elmendorf,*
9 *Vroom* 125.

The insistment of the demurrant is, that such exceptional
element does exist.  It is argued that it consists in this :

that the building, for the erection of which the original con-
tract was made, and for work and materials furnished to
which, this debt was contracted, was the property of a
municipal corporation, and used for, or designed to be used
for public purposes ; that, first, no lien is enforceable against
such a building, under the second section of the lien act; and,
second, that the third section of the lien act, which confers
the right of any laborer or material-man to compel the reten-
tion of money due from an owner to a contractor, by notice,
is limited to those cases where the building is such as can be
made the subject of a mechanics' lien.

It was admitted upon the argument, that these pavilions,
mentioned in the declaration, were to be used for public pur-
poses, and the " declaration, by agreement, is to be considered
as showing this character of the structure."

Whether a mechanics' lien can be filed and enforced against
such a building in this state, is *res integra.* There is a line
of cases in other states, which holds that no lien can be placed
upon or enforced against the property of a municipal corpo-
ration, where the property is designed for public use. The
rule seems to be the legitimate result of the doctrine which
prevails very generally in England and in this country, that
unless authorized by statutory enactment, such property is not
liable to seizure and sale, on ordinary execution to enforce a
general judgment. *Herman on Executions,* §§ 364, 366.

The exercise of a power to levy upon and sell the water
works, the charitable institutions, the buildings containing
the public offices, the houses and stables and engines used by
the fire departments, all of which are essential to the daily
operation of municipal affairs, and on which depend the
health, safety and convenience of the entire public, would
work danger and vexation very strikingly.

On the ground of public policy, the courts have generally
denied the existence of the right to levy upon and sell this
class of property. Therefore, for the enforcement of a gen-
eral judgment against a municipal corporation, the courts have
allowed the use of another writ, which secures the fruit of the

judgment and leaves these structures of the corporation untouched. *State, ex rel. Little,* v. *Township of Union,* 8 *Vroom* 84.

The only method by which a lien-claim can be utilized, is by a sale of the building. In this state, as in many others, this is done by a special *fi. fa.* Having provided, for the enforcement of these judgments, a writ well known at law, its use in these instances would seem to be limited by the same rules which restrict the scope of its operation in all cases.

Unless a clear legislative intent appeared to change the usual character of the writ and the right to sell by virtue of it, this view would have great force.

The cases in which this question in other states has been discussed are, among others, the following: *Chicago* v. *Hasley,* 25 *Ill.* 595, as to executions generally. As to executions on lien-claim : *Board of Education* v. *Greenebaum,* 39 *Ill.* 610. See opinion of Daly, C. J., in *Brinkerhoff* v. *Board of Education,* 37 *Howard's P. R.* 520; also, *Wilson* v. *Commissioners of Huntingdon Co.,* 7 *Watts & Serg.* 197; *Foster* v. *Fowler,* 60 *Penn. St.* 27.

The conclusion deducible from these cases is this : that in those states where, upon a general judgment, no execution can be levied upon public property of a municipal corporation, no execution to enforce a mechanics' lien-claim can be levied upon similar property.

The definitive settlement of this question is not essential to the decision of this cause; for admitting the proposition of the demurrant that no lien can be enforced against the pavilions mentioned in the declaration by virtue of the second section of the lien act, I do not think it follows that the right to sue under the third section is thereby lost.

By force of the decision of this court in *Summerman* v. *Knowles,* 4 *Vroom* 202, the right of a laborer or materialman to sue the owner exists only in those cases where the building is erected by contract which, or a duplicate of which, has been filed in the county clerk's office.

Under the lien act, therefore, two distinct remedies are

Frank v. Chosen Freeholders of Hudson.

afforded a laborer or material-man; one of which may be pursued where there is no contract, or a contract and no filing, &c., and the other remedy when there is such a contract and filing, &c. The pursuit of the first remedy involves the taking of buildings, and when the buildings are those of a municipal corporation, a fundamental rule of public policy compels the courts to arrest the proceeding before the buildings are touched.

The second remedy may be pursued in this case without contravening any principle of public policy.

It places no lien upon the public buildings, nor affects them in the slightest degree. It merely works an assignment *pro tanto* of the debt due by the owner to the contractor. *Wightman* v. *Brenner*, 11 *C. E. Green* 493.

The diversion of such debt, or a part thereof, due by a municipal corporation to a primary creditor, to the payment of such a debt, is not opposed to the interests of the public. If the primary creditor was a non-resident, his claim would be attachable by a material man or laborer. *Mayor of Jersey City* v. *Horton*, 9 *Vroom* 88.

As this action can in no way work injury to the public, upon what principle can the court annul the clear terms of the statute which confers the right to prosecute this action?

It is contended that because the remedy by lien would have been unenforceable had the contract not been filed, therefore, the contract being filed, this action will not lie.

The idea suggested is that the remedy by action against the owner is a mere substitute for the remedy by lien, which was lost by the filing of the contract. If by styling the latter remedy a substitute for the former it is meant that the latter is dependent upon the former in any manner whatever, I am unable to see that any such dependence exists.

Each remedy is dependent upon the existence of a distinct state of facts. If one state of facts exists, the statute says the laborer or material man may have his lien. If another state of facts exists, he may have his action against the owner. It is the duty of the courts to enforce the right to either

remedy, unless the supreme law of public safety and convenience compels them to restrain its enforcement. Where, as in this case, public buildings are involved, public policy says you cannot, in enforcing any rights, touch these buildings.

So if the remedy necessarily involves that result, the courts will not enforce it; but if the remedy has not that result, why should not the courts enforce it?

If one remedy is given for a debt, unless a certain element of fact is existing, and, if existing, then a different remedy, and if the creditor would have been deprived of the first remedy by the overshadowing considerations of public policy, why should this hardship be extended to the second remedy? Why should it be stretched beyond the limit necessary for the protection of the public interest?

The policy of the law is to save statutes and contracts where a part is tainted with illegality or unconstitutionality, and give force to all parts not involved with the vicious provisions. Where there are several distinct stipulations in a contract, some of which are opposed to public policy, and thereby illegal, the courts will enforce the legal stipulations. *Erie Railway Co.* v. *Union Locomotive and Express Co.*, 6 *Vroom* 240.

If a statute should provide that in certain cases payment for damages for land taken should be by an assessment which was unconstitutional in its method of enforcement, and in certain other cases by an action at law, it would hardly be insisted that the invalidity of the first would defeat the right to bring the second.

In the present case, admitting that there would have been an inability to place a lien upon this building, if a contract had not been filed, &c., yet I am unable to perceive how that fact can defeat a right of action given when a differing state of facts exist, that is, when it is made and filed.

The last remedy is not dependent upon the filing of a lien. It is not dependent upon the right to file a lien. It is a remedy disconnected from any question of the liability of the

building whatever.   The facts upon the existence of which the action is given are disclosed in the declaration.   No principle of public policy forbids the enforcement of the remedy, and I think the demurrer should be overruled, with costs.

DIXON, J., (dissenting.)   I dissent from the conclusion of my brethren in this case.

I think that the case of *Summerman* v. *Knowles*, 4 *Vroom* 202, decides that the third section of the mechanics' lien law, out of which alone the plaintiffs' right of action can arise, applies only to such buildings as are included in the second section, which, in my opinion, are, by the express terms of that section, only those liable to the lien of the contractor, but, by reason of the filing of the contract, liable to no one else.   I assent to the views stated in the first part of the prevailing opinion, which, I think, lead to the conclusion that the buildings mentioned in the declaration, being buildings devoted to the public uses of the county, are, for that reason, not liable to any mechanics' lien, and hence are not embraced in the second section or referred to in the third.

I think the defendant should have judgment on the demurrer.