# Wilson *against* The Commissioners of Huntingdon County.

If a county be sued, it must be by its corporate name; if the action be against " The Commissioners of the County," it is erroneous.

There cannot be a recovery against a county upon a mechanic's lien filed for materials furnished for the erection of a public building.

ERROR to the Common Pleas of *Huntingdon* county.

Robert Wilson against the Commissioners of Huntingdon county, owners or reputed owners, and Robert Still, surviving James Still, contractors. This was a *scire facias* upon a mechanic's lien, in which the jury found a special verdict which raised two questions:—

*First.* Has not the plaintiff misconceived his form of action by filing his lien against " The Commissioners of Huntingdon county," instead of " The County of Huntingdon?"

*Second.* May a mechanic's lien be filed against a county?

WILSON (President).—One of the questions raised in this case is, whether materials furnished in the construction of a building for a court-house and the public offices of a county in which are kept the dockets and records of the several courts and of the county commissioners are embraced in the Act giving to mechanics and material-men a lien for materials furnished and work done for the construction of such building. The Act is general in its provisions that every building erected within the counties to which it extends, (including Huntingdon county), shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the erection or construction of the same. The lien is to be filed agreeably to the directions of the Act, which provides among other things that the name of the party claimant, and of the owner or reputed owner of the build-

[Wilson v. The Commissioners of Huntingdon County.]

ing, and also of the contractor, architect or builder, where the contract of the claimant was made with such contractor, architect or builder. This claim is filed against the commissioners of Huntingdon county. By the Act of the 15th April 1834, the several counties are declared to have capacity as bodies corporate; to sue and be sued as such by the corporate name of " The county of ———," to take and hold real estate within their respective limits, and also personal property for the benefit of the inhabitants of the respective counties for certain objects and purposes; to make such contracts as may be necessary and proper for the execution of such objects and purposes. The corporate powers of the counties to be exercised by the commissioners thereof; the suits by a county are to be brought and conducted by the commissioners; and in suits brought against a county, the process is to be served on and defence made by the commissioners. And by the 9th section of the same Act, the titles to all and singular the court-houses, jails, prisons and work-houses, together with the lots of land thereunto belonging or appertaining in the several counties in this State, as they now are or heretofore have been vested in any feoffees, or trustees, or in the Commonwealth, or in the commissioners of the respective counties, or in any bodies, politic or corporate, for the several use of the said counties respectively, shall be and they are hereby declared to be vested in the respective counties for the use of the people thereof, and for no other use.

The Act of Assembly vests the property against which the lien was filed, in the " county of Huntingdon," and by that name authorizes proceedings to be instituted for any claim against the county. The county of Huntingdon is the owner 'of all public buildings erected for the use of the county, and the lands upon which they are erected; the commissioners of the county, though authorized to exercise the corporate powers of the county, do not hold, but have the care only of the property of the county, and cannot be considered as the owners or reputed owners of the court-house and police offices against which this lien is filed.

The proceedings must be (on a lien filed by a material-man) against the property for which the materials were furnished, in which the owner or reputed owner must be named and made a party, so that without deciding the question whether county buildings of this description are subject to liens for labour done or materials furnished for their construction, we are of opinion that the proper party defendant has not been named, and that judgment must be entered for the defendant on the special verdict.

*Blanchard*, for plaintiff in error, referred to 2 *Whart.* 198; 3 *Whart.* 332; 5 *Watts* 487; 2 *Rawle* 343; 1 *Watts* 242.

*Orbison*, contra, referred to the Act of 1834, sections 3, 6, 9 and 12.

[Wilson v. The Commissioners of Huntingdon County.]

The opinion of the Court was delivered by

KENNEDY, J. — We concur so entirely, not only in the opinion delivered by his honour the President Judge of the court below in this case, but likewise in the reasons advanced by him in support of it, that we are willing to adopt it as our own. And I am inclined to believe for myself, that it is expressed with a degree of force and perspicuity to which I could add nothing, were I to attempt it. We have, however, been requested, by the counsel for the plaintiff, to give our opinion upon the second ground taken by the defendant as a defence, upon which the court below considered it unnecessary to pass, as it certainly was, after deciding the cause in favour of the defendant upon the first ground. The second ground is, that the court-house and public offices, &c., of a county are not such buildings as come within the purview and meaning of the Act of Assembly, giving to mechanics and material-men a lien for materials furnished for and work done in the construction thereof. The only object that the Legislature had or could well have intended by putting it in the power of mechanics and material-men to make their claims for work done in, or materials furnished for, the construction of any building, a lien thereon, was, to give them a real substantial security for the payment of the same; but it is evident that it can afford them no security, in this respect, unless, under the process presented by the Act, the building can be taken in execution afterwards, and be either extended or sold. But can it be supposed that the Legislature could have intended, in any case, to subject a county to the privation or loss of its buildings, such as court-house, public offices or jail, so indispensably necessary for the public benefit and accommodation, as also for the preservation of the public records, containing the only evidence that thousands may have for their rights, and in which, it may be truly said, that every individual of the community has a deep interest? Besides, to make such buildings liable to extension or sale, even for debts created by virtue of contracts made directly with the county itself, which is much stronger than the present case, would be in direct violation of the express provisions and directions of the Act of the 15th of April 1834. By the 6th section of this Act, *Purdon's Dig.* (of 1841), page 190, it is enacted, " If any judgment shall be obtained against a county in any action or proceeding, the party entitled to the benefit of such judgment may have execution thereof as follows, and *not otherwise*, viz : It shall be lawful for the court in which such judgment shall be obtained, or to which such judgment may be removed by a transcript from a justice of the peace or alderman, to issue thereon a writ commanding the commissioners of the county to cause the amount thereof, with the interest and costs, to be paid to the party entitled to the benefit of such judgment, out of any moneys unappropriated of such county ; or if there be no such moneys, out of the first moneys that shall be received for the use

of such county; and to enforce obedience to such writ by attachment." It is perfectly plain, then, from the express language of this latter Act, that no other mode can be pursued or resorted to than that which is directed and pointed out by it in terms that cannot be mistaken. There can be no seizure, extension or sale of the property of the county; the payment of a debt owing by it can only be enforced after judgment obtained therefor, by issuing a writ commanding the commissioners to pay, &c., and *not otherwise;* and if the commissioners fail or refuse to pay according to the command contained in the writ, obedience may be coerced by attachment. This, however, is not a remedy to which the plaintiff has even the colour of a right to resort; for he has no claim against either the county or its commissioners. It is not alleged or pretended that he ever made any contract with the one or the other for furnishing the lime for which he claims to be paid.

Judgment affirmed.