## JAMES M. QUINN

*v.*

## F. A. ALLEN *et al.*

85   39
75a 388

LIEN LAW—*right of sub-contractor to personal·judgment, dependent upon existence of a lien.* The right given to a sub-contractor by the 37th section of the lien law, to recover a personal judgment against the original contractor and the owner of the building, is dependent upon a lien having, at some time, attached, hence such a suit will not lie against school directors and a contractor, for labor or material furnished in the erection of a school house.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. T. W. McNEELY, for the appellant.

Mr. N. W. BRANSON, and Messrs. DEARBORN & CAMPBELL, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The assignment of error in this case questions the correctness of the decision of the court below in sustaining a demurrer to plaintiff's declaration. It contained two counts, and, in substance, averred, that Allen agreed, with the school directors, to furnish the material and labor, and to erect and complete for them a district school house; that Allen, in the perform-

ance of his part of the agreement, procured of appellant mate-
rial and labor used in the erection of the building, for which
he had not been paid; that before the directors had paid Allen,
appellant, in pursuance of the statute, gave them notice that
he would look to them for payment, and hold the house and
ground liable for such material and labor; that after such no-
tice the directors settled with and paid to Allen all that was
due to him, wholly disregarding appellant's claim.

It is not claimed that appellant acquired a mechanic's or
material-man's lien on the property, or, inasmuch as it was
public school property, that he could have obtained such a lien.
It is conceded such a lien can not attach to such property.
But it is claimed, that, under the 29th, 30th and 37th sections
of the chapter entitled "Liens," and the notices he gave the
directors, he can recover. The 29th section gives the sub-
contractor a lien for labor or materials furnished for the con-
struction of a building. The 30th prescribes the manner in
which the sub-contractor shall give notice to the owner, by
which to fix his lien. Had the statute made no further provi-
sion on the subject, there could have arisen no pretense of
claim for holding the owner liable for a personal judgment, as
these sections would only have rendered the property liable;
but the 37th section has enlarged the liability of the owner
and made the remedy more comprehensive. It provides, that
if the money due the person giving the notice provided for in
the 30th section, shall not be paid in ten days after the money
shall become due and payable, and any money shall be due
from the owner to the original coutractor, then such sub-con-
tractor may file his petition and enforce his lien in the same
manner as may be done by original contractors, or he may sue
the owner and contractor, jointly, for the amount due him, and
recover a personal judgment, as in other cases.

Was it the design of the General Assembly to give the right
to sue the owner and contractor only in cases where a lien
attaches, or to authorize the enforcement of a lien where one
exists, and to have the right of action also in such cases and
in no other? Or was it intended to give such remedies in such

cases, and a further remedy by suit against the owner and contractor by giving the notice, in cases where, from the character of the property, no lien could attach? The reason for the right to sue in such a case is, in all respects, the same as where a lien is or can be created. But the question is, have the General Assembly so provided? It is manifest they have not, in express terms. The 37th section seems to require the right to pursue the remedy existing at the time, and the sub-contractor as having an election to pursue either.

The notice, the form of which is given in the 30th section, states that the sub-contractor will look to and hold the building and the owner's interest in the ground liable for his claim. It is not in the alternative, that he will hold the property or the owner liable, but the property alone, and then the provisions of the 37th section are superadded.

All of the provisions of the statute considered, we are clearly of opinion that the right to sue and recover against the owner and contractor is dependent on a lien having, at some time, attached in favor of the sub-contractor. In this case there had been no such lien, and for the want of it, as a basis, this action can not be maintained, and the judgment of the court below must be affirmed.

*Judgment affirmed.*