## LORING & CO. v. SMALL ET AL.

### DUNBAR v. SMALL ET AL.

1. **Mechanic's Lien: BRIDGES: PRACTICE.** The mechanic's lien law is framed with reference only to property which can be sold under execution, and bridges constructed by a county are not, therefore, subject to such a lien. Nor can the court, in an action to enforce a lien upon such property, render a decree for the amount found to be due, without ordering a sale of the property.

*Appeal from Plymouth Circuit Court.*

### FRIDAY, DECEMBER 13.

THE petition and amended petition of the plaintiffs, George E. Loring & Co., in substance allege that about August 8, 1877, they made a parol contract with defendants Isaac Small and Frank C. Tubbs to furnish them bridge lumber for use in the construction of seven bridges, which the defendants Small & Tubbs had contracted to build for Plymouth county, Iowa, at the agreed price of one thousand two hundred and fifty ·dollars, and which were built in July, August and September, 1877, and duly accepted by the proper officers of said county ·about the 27th of September, 1877; that plaintiffs, in virtue of their contract with Small & Tubbs, furnished them lumber for said bridges, all of which was used in the construction of said bridges; that on the 29th day of September, 1877, and within thirty days after the last item of lumber was furnished, the plaintiffs filed in the office of the clerk of the District Court of Plymouth county their duly verified account,

claiming a mechanic's lien on all of said bridges, and against Plymouth county, for the sum of six hundred and sixty-two dollars and seventy-five cents; that on the 29th day of September, 1877, plaintiffs served upon the chairman of the board of supervisors, and the county auditor of Plymouth county, a written notice of their claim and of the filing of their lien, and that they would look to the county for their pay; that the said county, by its officers, well knowing that said contractors, Small & Tubbs, had purchased the lumber for all of said bridges from plaintiffs, and were largely indebted to plaintiffs for said lumber, disregarding the right of plaintiffs to file a claim for a lien against said bridges within thirty days after said materials should be furnished, accepted said bridges on or about September 27, 1877, and on the same day, by its county auditor, issued to said Small & Tubbs the warrants of said county, in the sum of about nine hundred dollars, in full payment of the amount then due for the building of said seven bridges, having at some time prior thereto paid the balance of the contract price to Small & Tubbs in cash; that the plaintiffs presented their claim to the board of supervisors for allowance in October, 1877, and the board refused to allow it; that to secure the faithful performance of the contract the defendant Plymouth county required from the defendants Small & Tubbs the execution of a bond, in the penal sum of twenty-five hundred dollars, conditioned that said parties should build said bridges as contemplated by the contract, and especially that the said bridges should be delivered free from all claims, liens or expenses; that the bond was taken for the express purpose of securing a faithful performance of the contract, and of securing the county against any claims or liens on account of any lumber or materials the contractors might purchase; that said county, through its proper officers, well knowing of said contract and bond, and of plaintiffs' claim for lumber and materials furnished, and that there were claims and liens against said county and said bridges, purposely and fraudulently accepted said bridges and

paid for the same, without in any manner providing for and retaining sufficient money or warrants from the amount due to Small & Tubbs to pay the claims of plaintiffs, although said county could have done so; that after Small & Tubbs got their warrants they absconded, and failed to pay plaintiffs anything, and that plaintiffs will lose all of their claim unless it can be enforced against the county.

The plaintiffs demand judgment against the defendants Small & Tubbs and Plymouth county for the sum of six hundred and sixty-two dollars and seventy-five cents, and interest, and that their mechanic's lien be established and foreclosed against said bridges and all of the defendants.

The petition of the plaintiff T. E. Dunbar claims one hundred and sixteen dollars and seventy-six cents for hardware furnished the defendants Small & Tubbs for the building of the bridges above mentioned. The petition alleges that the contract therefor was made with Small & Tubbs August 16, 1877; that the goods were furnished between September 4 and 24, 1877; that the statement for a lien was filed October 3, 1877, and on the same day written notice thereof was served on the board of supervisors and the auditor. In all other essential particulars the petition and amended petition of T. E. Dunbar are like the petitions of Loring & Co. The defendant Plymouth county demurred to these petitions. The demurrer was sustained. The plaintiffs excepted, and appeal.

*Davis & McKenzie* and *Struble Bros.*, for appellants.

*C. J. C. Ball*, for appellee.

DAY, J.—The mode of enforcing a mechanic's lien is by suit in the District or Circuit Court, and execution for the sale of the property upon which the lien is established. Code, §§

1. MECHANIC'S lien: bridges: practice. 2140, 2141 and 2142. The Code contains the following provisions: "Section 3048. Public buildings owned by the state, or any county, city, school district, or other municipal corporation, or any other public property

which is necessary and proper for carrying out the general purpose for which such corporation is organized, are exempt from execution. * * * * 3049. If no property of a municipal corporation, against which execution has issued, can be found, * * * * a tax must be levied as early as practicable to pay off the judgment. * * * * * "

The opinion of the Supreme Court of Illinois in *Bouton et al. v. Board of Supervisors of McDonough County*, 5 Central Law Journal, 105 (108), is so applicable to every feature of this case that we quote therefrom, and adopt the views therein expressed as our views of this case. In that case it is said: "The further and last ground of claim is that of a mechanic's lien, in the court-house property, as sub-contractors. By statute an execution cannot issue against the lands or other property of any county of this State. Revised Statutes 1845, p. 133. * * * * * * * * * * * *

The mechanic's lien law is framed with reference to such property as is subject to be sold under execution. The method which is provided for the enforcement of the lien it gives is by sale upon execution of the property to which the lien attaches for its satisfaction. As to the property which is exempted by law from sale on execution the lien law is incapable of enforcement; and its provisions as respects such are nugatory, and are entirely inapplicable. We hold that the property in question does not come within the purview of the mechanic's lien law, and that no such lien can attach thereto." A like decision in reference to such property was made in *Wilson v. Commissioners of Huntington County*, 7 Watts & Serg., 197. In *Board of Education v. Neidenburger*, 78 Ill., 58, such a lien was held not to attach to a school-house. In that case the court say: "The suggestion is made that the court may in such case apply and carry out the provisions of the lien law so far as to pass a decree for the money due, and stop with that, not ordering any sale of the property. But the statute does not contemplate that there shall be any such thing as a personal decree

alone. The decree rendered may operate as such, so far as respects any deficiency, after there has been a sale upon execution of the property subject to the lien, and it fails to satisfy the amount found due. The statute, by all its provisions, is only intended to apply and have operation as respects property which may be and is to be sold on execution. We cannot mould the statute to subserve a purpose for which it was never designed." Precisely the same suggestion as was made in the above case is made in the case at bar. The answer to the suggestion above contained is satisfactory and complete. We feel no hesitancy in holding that the property in question in this case cannot be made subject to a mechanic's lien, in view of the statute which exempts it from execution. See, also, *Quinn v. Allen and The Board of School Directors*, 5 Central Law Journal, 271

AFFIRMED.