Charnock v. The District Township of Colfax.

CHARNOCK v. THE DISTRICT TOWNSHIP OF COLFAX ET AL.

1. **Mechanic's Lien** ; SCHOOL-HOUSE. A mechanic's lien cannot be established against a school-house.

2. ————: ATTACHMENT: WRONGFUL RELEASE. The fact that lumber which had been attached was released by the officer making the attachment and afterwards used in the construction of a school-house, with knowledge of the attachment by the officers of the district, will not render the district liable therefor, or give the attaching creditor a lien thereon.

*Appeal from Grundy Circuit Court.*

SATURDAY, APRIL 26.

THE plaintiff, in his original petition, claimed of defendant Biglow one hundred and fourteen dollars on an account for

Charnock v. The District Township of Colfax.

lumber furnished to said Biglow to build a school-house in one of the sub-districts of said district township of Colfax. He also claimed a mechanic's lien upon said school-house for said lumber.

The defendant, the District Township of Colfax, answered that it contracted with Biglow to build the school-house, and had accepted said house and paid Biglow in full, and that the house was exempt from execution  Thereupon the plaintiff filed an "amendment to and supplemental petition," averring that before this action was commenced he had brought an action against said Biglow to recover for said lumber, and caused an attachment to issue and a levy thereof to be made on certain lumber, the property of said Biglow, and in value more than sufficient to pay plaintiff's claim; that soon after the levy upon the lumber the sheriff making the same, without the knowledge of the plaintiff, allowed the said Biglow to take the said lumber and use the same in the building of the school-house described in the petition, that the defendant, the District Township of Colfax, well knew the fact that said lumber was levied upon, and with full knowledge permitted the same to be used; that the lumber was so used in said building; that it is not possible for the same to be separated therefrom, to be sold under execution.  Whereupon the plaintiff asks that he have judgment as prayed in petition; that he have special execution for the sale of the building, or for judgment against said district township for the amount, with interest and costs.

The defendant, the district township, demurred to the "amended and supplemental petition" upon the ground that the facts therein stated do not entitle the plaintiff to the relief demanded.  The demurrer was sustained.  Plaintiff appeals.

*Hemenway & Polk*, for appellant.

*J. Morris Rea* and *Boies & Couch*, for appellee.

The State v. Graham.

ROTHROCK, J.—I. In *Loring & Co. v. Small et al.,* 50
Iowa, 271, it was held that public bridges of a county can-

1. MECHANIC'S
lien : school-
house.

not be made liable to a mechanic's lien under
the statutes of this state. The ground of the opin-
ion in that case is that the bridges are exempt from execution.
For the same reason a mechanic's lien cannot be established
against a school-house.

II. In our opinion the district township is not liable for
the value of the lumber, because the sheriff released the levy

2. ——: attach-
ment : wrong-
ful release.

of the attachment and permitted Biglow to pro-
ceed with the building. If the district township
could be made liable for the unlawful acts of its officers in
converting the property of others (a question which we do not
determine) such liability would not arise upon the allegations
of this petition. It is averred that the district township well
knew the fact that said lumber had been levied upon. This
knowledge is not sufficient. For aught that appears the offi-
cers of the defendant may have had reasonable grounds to
believe that the levy on the lumber was released by the agree-
ment of the parties to the attachment proceedings. They
are, at all events, not presumed to have knowledge that the
sheriff, in releasing the levy, was guilty of a wrongful act as
a public officer.

AFFIRMED.