Board of Commissioners of Parke County v. O'Conner et al.

No. 10,256.

BOARD OF COMMISSIONERS OF PARKE COUNTY v. O'CONNER
ET AL.

MECHANIC'S LIEN.—*Enforcement of Lien Against County.—Jurisdiction.—Motion to Dismiss.*—A suit to enforce a mechanic's lien, against the public square and court-house of a county, is not such a claim as the board of county commissioners have original jurisdiction of, under the provisions of sections 5758, 5759 and 5760, R. S. 1881; but the circuit court of the county has original jurisdiction of such a suit, and a motion to dismiss the suit for want of such jurisdiction is properly overruled.

SAME.—*Public Square and Court-House.—Acquisition and Enforcement of Lien.—Public Policy.—Public Necessity.*—The mechanic's lien law of this State contains no provision to the effect that such a lien may be acquired or enforced upon or against public property held for public use. In the absence of such a provision, public policy and public necessity alike forbid the acquisition or enforcement of such a lien against a public square or court-house of a county.

From the Parke Circuit Court.

*G. W. Collings,* for appellant.

*S. D. Puett, T. N. Rice, J. T. Johnston, A. F. White* and —— *Hunt,* for appellees.

HOWK, J.—This suit was commenced on the 23d day of December, 1880, by the appellee William H. O'Conner as sole plaintiff, against the appellant and William A. Johnston, Samuel J. Johnston and William H. Myers, as defendants. The Johnstons and Myers are named as appellees, in appellant's assignment of errors, in this court. In his complaint the appellee O'Conner alleged in substance, that the appellant was the owner in fee of the public square, in the town of Rockville, in Parke county; that, on the — day of ——, 1879, the appellant contracted with its co-defendant, William H. Myers, for the erection and building of a new court-house on said public square; that, on the — day of ——, 187–, the defendant Myers contracted with his co-defendants, William A. and Samuel J. Johnston, partners under the firm name of Johnston Brothers, to furnish the material and do the gal-

vanized iron work on said court-house; that, on the — day of ——, 1880, the defendants Johnston Brothers employed the appellee O'Conner as a laborer, in doing the galvanized iron work on said court-house; that he, O'Conner, did work and labor on said new court-house, from the 15th day of November, 1880, up to the — day of December, 1880, working thereon 311½ hours, at — cents per hour; that the same remained due and unpaid; that Johnston Brothers paid appellee O'Conner for all his labor on said court-house up to November 15th, 1880, but had wholly failed to pay him for any of his labor thereon after that date; that, on the 22d day of December, 1880, and within sixty days from the close of, and order to quit, said work and labor by the defendants Myers and Johnston Brothers, the appellee O'Conner filed in the recorder's office of Parke county a notice in writing that he would hold a lien for said sum on said new court-house and public square; that said notice was directed to the appellant, and was duly recorded by the county recorder, in a book kept in his office for that purpose; that said notice of lien was filed with and made part of the complaint; and that said lien remained due and unpaid. Wherefore, etc.

The cause was put at issue and tried by the court, and a finding was made for the appellee O'Conner, in the sum of $108.85, and that he had acquired a mechanic's lien therefor on the new court-house and public square. Over the appellant's motion for a new trial, the court rendered judgment for appellee O'Conner for the amount found due him and costs, and for the enforcement of his lien by the sale of the court-house and public square, as other lands were sold on execution, etc.

By the record of this cause and the appellant's assignment of errors thereon, the principal questions presented for decision, as it seems to us, may be thus stated:

1. Upon the facts stated in appellee's complaint, did the trial court have original jurisdiction of his claim against the appellant, the county of Parke?

2. Can a mechanic's lien be acquired upon, or enforced

against, the court-house of a county, erected by its board of commissioners upon, and constituting an essential part of, the public square or site of such court-house, by a mechanic, material man or laborer thereon?

We will consider and decide these questions in the order of their statement.

1. The appellant moved the court to dismiss the action as to itself, because the appellee's complaint stated a claim against the county of Parke, of which claim the court had no original jurisdiction. This motion was overruled and an exception saved, and the ruling is assigned here as error. On the 29th day of March, 1879, an act was approved and became a law, and is still in force, entitled "An act regulating the presentation of claims against counties in the State of Indiana, before the board of county commissioners, and the adjudication of the same." The provisions of this act were substantially as follows:

Sec. 5758. " Whenever any person or corporation shall have any legal claim against any county, he shall file it with the county auditor, to be by him presented to the board of county commissioners. "

Sec. 5759. " The county commissioners shall examine into the merits of all claims so presented; and may, in their discretion, allow any claim in whole or in part, as they may find it to be just and owing. "

Sec. 5760. " No court shall have original jurisdiction of any claim against any county in this State, in any manner, except as provided for in this act."

The preceding three sections constitute all of the above entitled act, with the exception of the enacting clause and of the section declaring an emergency. Acts 1879, p. 106. The record shows that this suit was commenced as an original action in the circuit court; that the appellee O'Conner attempts to state in his complaint a legal claim against the county of Parke for work done by him, as a laborer, in the erection of the new court-house of the county, and that he had not filed

:such claim with the county auditor, nor presented the same to the board of county commissioners, for the adjudication thereof. It is not shown or pretended that the court below acquired jurisdiction of the claim of appellee O'Conner by an appeal from the action of the board of county commissioners thereon. In view of the statutory provisions above quoted, therefore, the question for decision is this: Did the circuit court have original jurisdiction of the claim or cause of action against the appellant, the county of Parke, stated in appellee's complaint?

If the appellee had alleged in his complaint such facts as would have shown that the appellant was indebted to him, for his work and labor in the erection of the new court-house, we would have no hesitancy in deciding that the court below could have no original jurisdiction of such a claim. But the appellee O'Conner did not claim that the appellant was indebted to him in any sum whatever for his work and labor, or on any other account. The substance of his complaint was, that Johnston Brothers were sub-contractors for furnishing materials and doing the galvanized iron work in the erection of the new court-house, on the public square of Parke county; that under the employment of such sub-contractors he performed a certain amount of work as a laborer, in the performance of their sub-contract, in the building of such court-house, and that he had taken the proper steps to acquire a mechanic's lien on such court-house and public square, for the amount due him for his work from such sub-contractors. Of such a cause of action against Parke county, if any he had, it is certain, we think, that the appellant had no jurisdiction, either original or appellate; while it is equally certain, as it seems to us, that the circuit court of the county did have original jurisdiction of such cause of action, if any such existed. We are of opinion, therefore, that the court did not err in overruling the appellant's motion to dismiss this action, as against itself.

2. In section 5293, R. S. 1881, in force at the time, it is

provided as follows: "Mechanics, and all persons performing labor or furnishing materials for the construction or repair of any building, * * may have a lien separately or jointly upon the building which they may have constructed or repaired, * * for which they may have furnished materials of any description, and on the interest of the owner in the lot or land on which it stands, to the extent of the value of any labor done or materials furnished, or for both."

Section 5296, R. S. 1881, in force at the time, prescribes the manner in which mechanics, laborers or material men may acquire such liens.

Under these statutory provisions, and upon the facts alleged in the complaint of the appellee O'Conner, the important and controlling question in this case is presented for decision, namely: Can a mechanic, laborer or material man acquire or enforce a lien for work done for or materials furnished to a contractor or sub-contractor, in and for the erection of a new court-house on the public grounds of the county, upon or against such court-house and the interest of the county in the land on which it stands, to the extent of the value of the labor done or materials furnished, or for both?

We are of the opinion that this question ought to be and must be answered in the negative. In the recent case of *Board, etc., of Pike Co.* v. *Norrington*, 82 Ind. 190, it was held by this court that a mechanic's lien can not be acquired upon, or enforced against, a public bridge erected by a county board on, and constituting a part of, a public highway, by a mechanic, material man or laborer. The court said: "We do not think that such a bridge can be regarded as a 'building' within the purview of section 647 of the civil code of 1852;" (section 5293, R. S. 1881); "and we are clearly of the opinion that public policy forbids either the acquisition or enforcement of such a lien upon or against such a bridge."

Doubtless, a county court-house is a "building" in any and every sense of the term, and the interest of the county in the land on which it stands is that of an owner, but in

trust for the use of the public, and both the building and the land are the property of the county in its political as well as in its corporate capacity. It is true that the statute of this State provides in terms for the acquisition and enforcement of a mechanic's lien upon and against "any building"; but, broad and comprehensive as are the provisions of the statute, it must be construed in such manner as will not contravene settled principles of public policy. In *Wilson* v. *Commissioners, etc.,* 7 Watts & S. 197, it was held by the Supreme Court of Pennsylvania that the court-house and public offices of a. county are not such buildings as come within the purview and meaning of the act of the Assembly, giving to mechanics and material men a lien for materials furnished for, and work done in, the construction thereof. In effect, the court said that it could not be supposed " that the Legislature could have intended, in any case, to subject a county to the privation or loss of its buildings, such as court-house, public offices or jail, so indispensably necessary for the public benefit and accommodation, as also for the preservation of the public records, containing the only evidence that thousands may have for their rights, and in which, it may be truly said, that every individual of the community has a deep interest."

In Phillips on Mechanics' Liens, section 179, it is said: ".Property which is exempt from seizure and sale under an execution, upon grounds of public necessity, must for the same reason be equally exempt from the operation of the mechanics' lien law, unless it appears by the law itself that property of this description was meant to be included; and, to warrant this inference, something more must appear than the ordinary provisions that the claim is to be a lien against a particular class of property, enforceable as judgments rendered in other civil actions." *Brinckerhoff* v. *Board of Education, etc.,* 37 How. Pr. 499 ; *Williams* v. *Controllers,* 18 Pa. St. 275 ; *Loring* v. *Small,* 50 Iowa, 271 (32 Am. R. 136) ; *Charnock* v. *District T'p, etc.,* 51 Iowa, 70 (33 Am. R. 116) ; *Thomas* v.

*Board, etc.,* 71 Ill. 283 ; *Board, etc.,* v. *Neidenberger,* 78 Ill. 58 ; *Poillon* v. *Mayor, etc.,* 47 N. Y. 666.

In *Leonard* v. *City of Brooklyn,* 71 N. Y. 498 (27 Am. R. 80), it was held by the Court of Appeals that, in the absence of an express statutory provision authorizing it, a mechanic's lien can not be enforced against the real estate of a municipal corporation held for public use.   The court said :  " If judgments in other actions can not be enforced by the sale of public property, for the reason that public exigencies require that such property should be exempt from seizure and sale, certainly a judgment obtained under the lien law, which is the mere foreclosure of the notice which had previously been served and filed for work done for the benefit of the city, should stand in no better position.   The act in question confers no special advantage, nor does it give a preference to a lien in any such case, and nothing is to be intended in favor of an enactment which interferes with a well-established principle, and changes a rule which has long been settled.   To make such a material alteration, the law should be plain, explicit and clear, and there is no ground for holding that it was the intention of the law-makers to confer upon a certain class of creditors the right to a lien upon property held for public use by a municipal government unless there is an express provision to that effect.   The statute does not include such a case either in terms or by necessary implication."  *Darlington* v. *Mayor, etc.,* 31 N. Y. 164 ; *City of Chicago* v. *Hasley,* 25 Ill. 485.

In *Ripley* v. *Gage County,* 3 Neb. 397, it was held by the Supreme Court of Nebraska, that the lien given mechanics, under the statutes of that State, for work done or materials furnished in the erection of any house or any other building, did not apply in the erection of public buildings for the use of a county.   In the mechanics' lien law of this State there is no provision to the effect that such a lien may be acquired or enforced upon or against public property held for public use ; and, in the absence of such a provision, we must hold,

in conformity with the weight of authority elsewhere, that such a lien can neither be acquired nor enforced upon or against such property held for such use. Our conclusion is, that the facts stated in the complaint of appellee O'Conner were not sufficient to constitute a cause of action in his favor and against the appellant, and that, for this cause, its demurrer to the complaint ought to have been sustained. Obviously, therefore, it is unnecessary for us to consider or pass upon any other error complained of.

. The judgment is reversed, with costs, and the cause remanded with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.