No. 11,328.

LOWE *v.* BOARD OF COMMISSIONERS OF HOWARD COUNTY.

PUBLIC SQUARE.—*Street Assessment.* — *County.* — The public square of a county can not be sold on a precept to pay an assessment for a street improvement.

From the Howard Circuit Court.

*J. W. Kern, M. Bell* and *W. C. Purdum,* for appellant.

*M. Garrigus,* for appellee.

ELLIOTT, J.—The ruling question in this case is this : Can the public square of a county be sold on a precept issued on an assessment levied for the cost of improving a street ?

The term " public square " has acquired a legal meaning, and courts adopt that meaning in all cases where the term is not shown by the language with which it is associated to have a different signification. The public square of a county is property of a public nature, held for governmental or public purposes. *Westfall* v. *Hunt,* 8 Ind. 174 ; *Com.* v. *Bowman,* 3 Pa. St. 202 ; *Langley* v. *Gallipolis,* 2 Ohio St. 107.

The general rule is that the property of a public corporation held for public or governmental purposes can not be sold under any legal process. Property of this description can not be sold on execution. *President, etc.,* v. *City of Indianapolis,* 12 Ind. 620 ; 2 Dillon Mun. Corp. (3d ed.), section 576. Laws creating liens in favor of mechanics do not operate on the public property of municipal corporations. *Board, etc.,* v. *O'Conner,* 86 Ind. 531 (44 Am. R. 338) ; 2 Dill. Mun. Corp., section 577 ; *Board, etc.,* v. *Norrington,* 82 Ind. 190 ; *Leonard* v. *City of Brooklyn,* 71 N. Y. 498 ; S. C., 27 Am. R. 80. Lands held by public corporations for public purposes are exempt from taxation. *Worcester Co.* v. *Worcester,* 116 Mass. 193. These examples sufficiently show that public property can not be seized for debts due from the public corporation, and the reason of the rule applies quite as forcibly to seizures for street assessments as to seizures under any other

legal process. The rule rests on the principle that the public good requires that property needed for the proper administration of local governmental affairs shall not be taken from the local authorities, lest the due administration of such affairs be so much disturbed as to cause the public to suffer. It is obvious that this principle applies as well to seizures under precepts as to seizures under ordinary legal process. There is still another reason for the rule, and that is the danger that public property would be sacrificed at forced sales, because there is no one having a direct personal interest in protecting it, and, therefore, no one directly interested in either preventing a sale or in taking measures to make the property sell for its fair value. It is evident that whatever be the true reason for the rule, public policy requires that the public property of counties should not be sold on either ordinary or extraordinary legal process.

It is true that the statute is very broad in its terms and contains no exceptions, but it is also true that such statutes must be read by the light of the general principles of the law. It is not to be expected that the Legislature will mark out particular instances, but that they will lay down general rules. The statutes giving liens to mechanics, and the statutes creating judgment liens, are broad and comprehensive and free from exceptions, and yet it has never been supposed that these statutes operate upon the public property of counties or cities. Statutes of such a character are to be understood as operating upon property subject to ordinary legal process and not upon property devoted to public use.   2 Dill. Mun. Corp. (3d ed.), sections 577.   A forcible illustration of the principle under immediate discussion is supplied by the case of *First Presbyterian Church* v. *City of Fort Wayne*, 36 Ind. 338 (1 Am. R. 35), where it was held that an assessment for the improvement of a street can not be laid upon property owned by a church. If the property of a church is not within the statute, certainly that of a county needed for governmental purposes can not be. While an assessment for improving a street is not in a strict sense a tax, yet it so far partakes of the nature of a tax as

makes it operative only upon property subject to taxation. This is really the theory upon which the case referred to proceeds, and it well comports with our Constitution and our statutes, which everywhere evince an intention to relieve from taxes and assessments property owned by the public and by religious bodies. Judgment affirmed.

Filed April 17, 1884.