HARRISON & HOWARD IRON CO. *v.* COUNCIL BLUFFS CITY WATER-WORKS CO. and others.[1]

*(Circuit Court, S. D. Iowa, W D.* September Term, 1885.)

1. MECHANIC'S LIEN—CONTRACT TO FURNISH PIPES FOR CITY WATER-WORKS—PARTIES TO BILL TO ENFORCE LIEN.

Complainant made a contract in writing with the American Construction Company, of New York, and Council Bluffs City Water-works Company, to furnish certain pipes to be used in the construction of the water-works at Council Bluffs, the construction company agreeing to pay the price fixed in the contract, and the water-works company guarantying the faithful performance of the contract by the construction company, and agreeing to that end to deposit in bank, as security for such performance, $10,000. The American Construction Company had procured the right to construct water-works under certain city ordinances, and had assigned all its rights to the water-works company, and

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar. See note at end of case.

all the work done and material furnished was furnished to the water-works company as the real party in interest. Complainant sought to establish a mechanic's lien on the pipes for the balance due him for the pipes, etc., furnished and used in the construction of the city water-works. *Held*, on demurrer for defect of parties, that the American Construction Company was not a necessary party, but that the city of Council Bluffs was a necessary party defendant.

2. SAME — LIEN DEFEATED BY TAKING COLLATERAL SECURITY — CODE IOWA, § 2129.

    *Held, further*, that the deposit of $10,000 as agreed in the contract prevented complainant from acquiring any lien under the provisions in Code Iowa, § 2129.

3. SAME—EXEMPTION OF PUBLIC PROPERTY.

    Whether any lien could be established on the water-works of the city is not now decided.

In Equity. Demurrer to bill.

*Sapp & Pusey*, for complainant.

*Wright, Baldwin & Haldane*, for respondent.

SHIRAS, J. In substance the bill in this cause sets forth that on the twelfth of April, 1882, the complainant made a contract in writing with the American Construction Company, of New York, and the Council Bluffs City Water-works Company, whereby complainant agreed with the construction company to furnish certain cast-iron pipes and castings to be used in the construction of the water-works at Council Bluffs, the construction company agreeing to pay therefor the prices fixed in the contract, and the water-works company guarantying the faithful performance by the construction company of the obligations imposed upon it by the terms of the contract, and to that end the water-works company bound itself "to deposit, as security for the full performance of said obligation, the sum of ten thousand dollars in the hands of the Commercial Bank of St. Louis, the sum to be applied in payment to said iron company of any sum the said construction company may fail to pay," etc.

It further appears from the allegations of the bill, and the amendment thereto, that the American Construction Company had procured the right to construct water-works in Council Bluffs under the provisions of certain ordinances passed by the city council of that city, and had assigned and transferred all its rights and obligations in this particular to the water-works company, and it is averred that in fact all the work done and materials furnished under the written contract with complainant were, in fact, furnished to the water-works company as the real party in interest.

The bill further charges that complainant furnished the materials provided for in its contract, and that the same were used in constructing the water-works at Council Bluffs, owned by the respondent, the Council Bluffs City Water-works Company, the same being furnished for that purpose, and that there remained due to complainant thereon the sum of $5,429.02, for which amount complainant prays judgment against the water-works company, and further prays that a mechanic's lien in its favor be established and enforced upon the real estate of the water-works company, with the buildings and erections thereon,

including the reservoirs, and also upon the mains, distributing pipes, hydrants, and all other property of defendant constituting part and parcel of its system of water-works in said city of Council Bluffs.

To this bill the water-works company, H. P. M. Birkenbine, and the Farmers' Loan & Trust Company, as trustee in a mortgage executed by the water-works company upon its property to secure certain bonds, are made parties defendant.

On part of the water-works company a demurrer to the bill was filed, and the cause is now before the court upon the questions presented by the demurrer.

The first ground of demurrer is that of a defect of parties defendant, in that neither the American Construction Company nor the city of Council Bluffs is made a party to the proceeding. While it is true that in the contract entered into by complainant for the furnishing of the material the American Construction Company was the principal contracting party, and would therefore ordinarily be a necessary party to any suit brought to enforce its provisions, yet, by the averments of the bill, and the amendment thereto, it is charged that the construction company sold and transferred all its rights in the proposed system of water-works at Council Bluffs to the water-works company, and that the latter company became the real and only party interested in the construction of said works, and that all the materials were furnished for the use and benefit of that company, which became bound for the payment thereof. The complainant does not seek a judgment against the construction company in this proceeding, nor does it seek a lien upon any property owned by that company. Neither the property nor the rights of that company will be affected by any judgment or decree rendered in this proceeding. The complainant seeks only a remedy against the water-works company and its property, and the question thus arising can be fully passed upon without the presence of the construction company as a party to the proceeding. Upon this ground the demurrer is not well taken.

Whether the city of Council Bluffs should be made a party defendant presents a more difficult question for solution. In the case of *Williams* v. *Bankhead*, 19 Wall. 563, the supreme court, in considering the question of parties to proceedings in chancery, laid down the following general propositions:

"The general rule as to parties in chancery is that all ought to be made parties who are interested in the controversy, in order that there may be an end of litigation. But there are qualifications of this rule growing out of public policy and the necessities of particular cases: *First.* Where a person will be directly affected by a decree he is an indispensable party, unless the parties are too numerous to be brought before the court, when the case is subject to a special rule. *Secondly.* Where a person is interested in the controversy, but will not be directly affected by a decree in his absence, he is not an indispensable party, but should be made a party if possible, and the court will not proceed to a decree without him if he can be reached. *Thirdly.* Where he is not interested in the controversy between the immediate litigants, but has an interest in the subject-matter which may be conveniently

settled in the suit, and thereby prevent further litigation, he may be a party or not, at the option of complainant."

From the statement already made of the prayer in the bill it is apparent that complainant seeks to have a lien in its favor established upon the mains and other pipes extending along and under the streets and alleys of the city. If the decree asked by complainant should be granted, and the property be sold under such a decree, the purchaser would become the owner of the mains and distributing pipes, which are beneath the streets of the city, placed there under the authority of the city. Are such pipes placed in the streets and highways of the city to subserve a public purpose, to-wit, that of furnishing a supply of water to the city and its inhabitants for public and private use, subject to a mechanic's lien, even if the same are owned by a corporation other than the city? If they are, would a purchaser at a foreclosure sale of a mechanic's lien thereon have the right to remove them and thus deprive the city and its inhabitants of their water supply?

It is clear, without further elaboration, that the interests of the city are liable to be affected by a decree of the nature prayed for by complainant, and that if such decree is rendered, and a sale of the property be made thereunder, serious complications would at once arise, affecting the interests of the purchaser and of the city. Moreover, if the property sought to be subjected to the lien was ordered to be sold without first settling the rights of the city, no one could determine what rights he would acquire to the property in case he became a purchaser; and at a sale made under such circumstances, it could not be expected that the real value of the property could be realized. It is to the best interests of both the complainant and the defendants that if the property is sold under a lien, it be sold to the best advantage. This cannot be done, save by settling, before the sale is decreed, what the rights are that a purchaser would acquire under the sale when made. In this question the city of Council Bluffs is directly interested, and therefore, without passing upon the question whether the city is an indispensable party under the first rule laid down by the supreme court, it is sufficient to say that the interest of the city in the controversy is of such a nature that, under the principle laid down in the second rule given by the supreme court, it should be made a party, in order that, as far as possible, the rights of all may be protected. If, then, this cause is to proceed further, the city of Council Bluffs should be made a party defendant.

The demurrer presents another question, however, which goes to the right of complainant to a mechanic's lien under any circumstances, and that is that at the time of making the contract under which complainant claims a lien, and as a part thereof, the complainant contracted for and procured collateral security on the same, and that thereby the right to a lien is defeated. The Code of Iowa, § 2129, provides that "no person shall be entitled to a mechanic's lien who,

at the time of executing or making the contract for furnishing material or performing labor, or during the progress of the work, erection, building or other improvement, shall take any collateral security on such contract." In *Bissell* v. *Lewis*, 56 Iowa, 231, S. C. 9 N. W. Rep. 177, the court said: "The object of the statute doubtless is to prevent any one from obtaining a lien who takes security for the amount due, or to become due, at any time before he completes his contract, be it for work or materials." As already stated, in the within contract, upon which complainant bases its action, it is provided that the water-works company should deposit, as security for the full performance of the contract on part of the construction company, the sum of $10,000 in the Commercial Bank of St. Louis. In the statement of account attached to the bill, and forming part thereof, it is stated that on the twenty-first of December, 1883, there was paid on account the sum of $10,000, being the amount of collateral deposit made May 23d. The fair inference from this credit is that the sum agreed to be deposited as security was in fact deposited as required by the terms of the contract. Assuming this to be the fact, it then appears that the complainant, in making the contract for the furnishing of the materials for which it now seeks to establish a lien under the statute, contracted for the deposit of $10,000 as security for the payments contracted to be made to it, and the money was deposited as security in accordance with the terms of the contract. If this sum of money was deposited for the purpose stated, then it is clear that complainant did not rely upon its right to a mechanic's lien for security, but did contract for and obtain other security thereon; and under the very terms of the statute conferring the right to a mechanic's lien, no such lien can be claimed or enforced, if the party claiming the lien has taken security for the amount due, or to become due him, before he completed his contract. It was said in argument that all that could be inferred from the bill filed in this cause was, that the complainant had contracted to take security, and that it did not appear that such security had been in fact given.

In ruling upon the demurrer it has been considered that the record sufficiently shows that the deposit provided for in the contract was in truth made. If such deposit was not in fact made, leave is granted to complainant to amend its bill by averring that such deposit was not made. As the case now stands, the demurrer to the bill is sustained upon the ground above stated.

The demurrer also presents the question whether it is shown that complainant furnished the materials in pursuance of a contract with the owner of the property upon which the lien is sought; it being claimed that the contract for the furnishing of the materials was made, not with the owner of the property, but with another party. This question can be better determined, if the case proceeds further, upon the final hearing than as now presented, and it is therefore reserved for decision at the final hearing. The same course will be pur-

sued in regard to the question whether the property, upon which the lien is sought, is of such a public character that the court will not enforce a lien thereon under the provisions of section 3048 of the Code of Iowa, which exempts from sale upon execution public property necessary and proper for carrying on the general purposes of the corporation. That question will more properly arise in case the city becomes a party to this litigation, and it is therefore reserved for future disposition.

The demurrer to the bill is therefore sustained upon the ground that it appears from the record that the complainant, before the completion of its contract for the furnishing of the materials, took and received collateral security, and is not, therefore, entitled to a mechanic's lien. If the facts justify it, complainant has leave to amend its bill so as to show that in fact the security provided for in the contract was not deposited. If such amendment is made within 30 days from this date, then complainant is required to make the city of Council Bluffs a party defendant, in order that its rights may be heard and adjudged in this proceeding.

NOTE.

*Mechanic's Lien—Exemption of Public Property.*

In Wilkinson v. Hoffman, 21 N. W. Rep. 816, it was held that Rev. St. Wis. 1878, § 3314, authorizing a mechanic's lien, did not extend to a building, or machinery placed in a building, constituting a part of the water-works of a city; and COLE, C. J., in delivering the opinion of the court, says: "It has never been understood that the statutes giving a mechanic's lien extended to or could be enforced against the building and real estate of a municipal corporation held for public use. The considerations founded on grounds of public policy and regard for the objects of municipal government forbid that this clause [Rev. St. § 3314] should be held to apply to machinery placed in a building constituting a part of the city water-works as strongly as to exempt the building itself. The public inconvenience which would result from having such machinery removed is too obvious and grave to require any discussion. The comfort, health, safety, and property of the citizens would be greatly endangered by allowing the facilities for procuring water to be suspended, even for a short period. In view of the serious consequences which would result by allowing the lien to machinery thus used, and which more than countervail any private advantage, we are inclined to hold that the provision does not apply in the case before us. True, the city has paid into court the price of the boilers; but suppose it had not done so, if the lien is given, they might be removed. Consequently, on grounds of public necessity and convenience, we must hold that the lien did not attach. The case stands upon the same ground as where material is furnished for a county court-house, jail, public school building, or other public buildings, which are held to be exempt from the operation of mechanics' lien laws." So, in Board, etc., Parke Co. v. O'Connor, 86 Ind. 531, it is said, overruling Shattell v. Woodward, 17 Ind. 225, that there is no provision in the mechanic's lien law of Indiana "to the effect that such a lien may be acquired or enforced upon or against public property held for public use; and in the absence of such a provision it must be held, in conformity with the weight of decision elsewhere, that such a lien can neither be acquired nor enforced upon or against such property held for public use." See, also, Board, etc., Pike Co. v. Norrington, 82 Ind. 190; Lowe v. Board, etc., Howard Co., 94 Ind. 553; and Falout v. Board of School Com'rs, 1 N. E. Rep. 389. The principle laid down in the above cases is in accord with the law as decided in Pennsylvania, Foster v. Fowler, 60 Pa. St. 27; Wilson v. Commissioners, 7 Watts & S. 197; Williams v. Controllers, 18 Pa. St. 275; New York: Brinckerhoff v. Board of Education, 37 How. Pr. 520; Poillon v. Mayor of New York, 47 N. Y. 666; Leonard v. City of Brooklyn, 71 N. Y. 498; Iowa: Charnock v. Colfax Tp., 51 Iowa, 70; Loring v. Small, 50 Iowa, 271; Lewis v. Chickasaw Co., Id. 235; Whiting v. Story Co., 54 Iowa, 81; S. C. 6 N. W. Rep. 137; Illinois: Board of Education v Neidenberger, 78 Ill. 58; Bouton v. McDonough Co., 84 Ill. 396; and Missouri: State v. Tiedermann, 10 Fed. Rep. 20. See, also, Frank v. Chosen Freeholders, 39 N. J. Law, 347; and Ripley v. Gage Co., 3 Neb. 397.

*St. Paul, Minn.*                                                          ROBERTSON HOWARD.