Fluty v. School District.

## FLUTY v. SCHOOL DISTRICT.

1. SCHOOL DIRECTORS: *Power to contract for building school house.*
   The directors of a school district have no power to build a school house with
   funds of the district, unless authorized to do so by the annual school meeting
   on the third Saturday in May (*Mansf. Dig., secs. 6197, 6199, 6210, 6213, 6223*).
   And a contract made with them for such building, under authority conferred at
   a special meeting of the electors held in June, is void, and no recovery can be
   had for breach thereof.

2. PRACTICE: *Recovery of money paid on void contract.*
   In an action brought by a school district, for damages for the breach of a void
   contract for the building of a school house, the district cannot recover money
   paid to the contractor in advance, as such relief is inconsistent with the
   remedy adopted.

APPEAL from *Baxter* Circuit Court.
J. M. PITTMAN, Judge.

*Z. M. Horton* for appellant.

1. School districts are quasi-corporations. They possess
only such powers as are given by statute creating them, and

their acts at any time, manner or place not prescribed, are void. *Cooley Const. Lim.*, *pp. 192, 195, 196; 38 Ark., 454; 32 id., 131, 687; 20 id., 77; 2 id., 229; Dillon Mun. Corp., 9, 22, 24, 443, 445–7.*

The annual school meeting on third Saturday in May is the time and place fixed by law for transacting the business of the district. *Mansf. Dig., secs. 6197, 6198–9, 6223.* The directors have no power to hold a special or called meeting to vote a tax, locate a school house, or provide for building, etc. The contract was a nullity for want of power in the directors to make it. The contractor was released from his obligation. If one contracting party abandons the contract or puts it out of his power to perform, the other may treat it as rescinded, *especially* if the party not in fault is without remedy if he proceeds. *Bishop Cont. (enl. ed.), 823 to 828, 835; Parsons Cont., vol. 2, sec. 675 to 681; Addison Cont., *pp. 1218, 1219; 28 Ark., 174; 23 id., 653; 22 id., 258; 43 Ill., 523; 17 id., 534; 45 Iowa, 47; Bishop on Con., 781–2–3–4; 51 Miss., 21; 76 Ind., 434; Story on Cont., 977 a. b.*

2. Plaintiff, having adopted this form of action, is required to show a tort on the part of the contractor in obtaining money. *38 Ark., 113; 37 id., 34; 31 id., 380; 27 id., 365; Cooley on Torts, 2, 3, 62–3.*

3. The contract on the part of appellant was procured in good faith, and the elements of a tort are wanting as to him. If a tort has been committed it was on the part of the directors, and the district's remedy is against them. *Mansf. Dig., sec. 6257; Cooley Torts, 516, etc.*

4. Plaintiff's remedy, if any at all, against the contractor was assumpsit. She cannot abandon and rescind the contract, and maintain this action in affirmance of it upon the alleged breach. *Bishop on Cont., 822; 7 Ark., 123; 22 id., 258.*

5. The bond sued on was a penal bond, prospective in

its operation, and *only* conditional to indemnify the district against the failure of the contractor to *build* in future, *not* to *refund* previous advances. The amount paid not the measure of damages. *38 Ark., 557; Sutherland on Dam., vol. 2, pp. 479, 545–6–7–8.*

6. If the amount paid be recovered of the contractor, the amount expended by him towards the building should be allowed him, either by way of set-off, or in mitigatien of damages. *22 Ark., 259; 15 id., 378; 7 id., 130; Suth. on Dam., vol. 2, pp. 521–2, etc.*

SMITH, J. Fluty, in August, 1883, entered into a written contract with the directors of the school district, by the terms of which he undertook to build a school house, according to a certain plan and specifications agreed upon, at such point as the directors should designate. He was paid $190 in advance, and was to be paid the further sum of $307.50 on the 1st of February, 1885, the builder to retain a lien on the house for the deferred payment. The building was to be completed before June 1, 1884. For the due performance of this con-- tract Fluty executed a bond, with sureties, in the sum of $1000. He laid the foundations of the building, and hauled some materials to the place designated. But some dissatisfaction existing among the inhabitants of the district about the location of the school house site, he quit work and referred the matter to the annual school meeting of May, 1884, offering to go forward with his contract if the meeting should approve the selection of the site, and vote a tax for building. But the meeting took no action in the premises.

The school district now brought an action on the bond against Fluty and his sureties. The defences were: First, that the directors, in locating the school house site, in making the contract and in taking the bond, had transcended their pow-

ers; that these proceedings were had in pursuance of an authority conferred at a special school meeting held on a certain day of June, 1883, whereas such authority could be lawfully given only at the regular annual school meeting, the time for which is fixed by law for the third Saturday in May; and, second, that the land upon which the contractor was directed to erect the house, was not the property of the school district; so that, if he had built the house, he would have no security for his outlay. To the defendant's answer the court sustained a general demurrer. The cause was then submitted to the court, for the purpose, as we suppose, of assessing the plaintiff's damages by reason of the breach of the covenants contained in the bond; and there were a finding and judgment against the principal and sureties for $190, with lawful interest from the date that Fluty received that sum.

It is probable that a mechanic who builds a public school house has no lien for his work and materials, even though he may contract for one, as in this case. Such a lien can be enforced only by judgment, execution and sale of the property. But a school district is a public corporation and its property is not liable to seizure and sale. *Mansf. Dig., sec. 2999; Leonard v. City of Brooklyn, 71 N. Y., 498; S. C., 27 Amer. Rep., 80; Loring v. Small, 50 Iowa, 271; S. C., 32 Amer. Rep., 136; Charnock v. District Township of Colfax, 51 Iowa, 70; S. C., 33 Amer. Rep., 116; Board of Education v. Neidenburger, 78 Ill., 58; Quinn v. Allen and the Board of School Directors, 85 Ill., 39.*

But this matter of lien or no lien is unimportant in the present case. At the utmost it amounts only to a mutual mistake of law, not going to the essence of the contract, and furnishes no sufficient reason why Fluty should not be held to perform his contract, if it was valid.

But had the contract any validity or obligatory force upon the parties whom it purported to bind? Corporations possess

1. SCHOOL DI-
RECTORS:
Power to build
school house.

7

only the powers that are specifically granted to them, and such as are necessary to carry into effect the powers so granted. And those powers must be exercised in the mode pointed out by the charter, or constituent act. An executory contract, made without authority, can not be enforced. *Argenti v. San Francisco, 16 Cal., 255; S. C. Field's Ultra Vires, 352.* Now, the annual school meeting, on the third Saturday in May, is the time and place fixed by law for transacting the business of the district. And it is not lawful, even at the annual meeting, to fix a site for the school house or to raise money for building or purchasing a school house, unless the directors shall have previously advertised that such matters will come before the meeting for its determination. The law makes no provision for called meetings, except for the single purpose of filling a vacancy in the office of director. The directors have charge of the school affairs and educational interests of their district, and the care and custody of the school houses, grounds and other property belonging to the district. But they have no power to purchase or lease in the corporate name a school house site, or to hire, purchase or build a school house with funds provided or to be provided by the district, unless thereunto authorized by a majority vote at the district meeting. *Mansf. Dig., secs. 6197, 6199, 6210, 6213, 6223.*

So the law is written. And the reason is not far to seek. The qualified electors of the district are the corporators. They are also commonly the owners of the property, by the taxation of which a fund is to be raised for the support and maintenance of free schools. No burden can be imposed on the district without their concurrence. For convenience the law names a particular day for the transaction of such business. All are at liberty to attend and participate in the business. The meeting, when once assembled, may adjourn to another day. But if no meeting is held at the appointed time, none can be held afterwards, except for the election of

a director. The purpose is to insure the attendance of all who are interested, either in the cause of education or in the matter of taxation, and also to prevent the inhabitants of the district from being harassed by frequent meetings, of which, by accident or design, some of them might have no notice.

It appears from the record that the annual school meeting was not held in this district on the third Saturday in May, 1883, on account of a freshet and high water. But the meeting, which attempted to confer authority for contracting for the building of the house, was held in June, pursuant to a call of the directors, of which notice was given, specifying the purpose of the meeting and the nature of the business to be transacted. It follows from what has already been said, that the proceedings of this special meeting, so far as they relate to the selection of a school house site and the building of a school house, were void; that the directors, in contracting with Fluty, were not the authorized agents of the school district, and that no recovery can be had upon the undertaking of Fluty and his sureties to build the house.

Nor can the judgment be affirmed against Fluty alone, although it happens that the amount of the recovery is the sum for which he is legally liable, on the theory that he has received money in advance, on a contract which the directors had no authority to make with him. Under the Code practice, a plaintiff may have any relief, which the proof shows he is entitled to, provided it be consistent with the case made by his complaint and be included in the issue that was tried. By this action the school district seeks to recover damages for the breach of the contract. It therefore affirms that there was a contract and that it was binding. This is the theory upon which it recovered below. Now, when it turns out that there was no valid contract, the plaintiff cannot claim the damages awarded for the violation of the supposed contract because it might have rescinded or disregarded that contract and have

2. PRACTICE: Relief inconsistent with remedy adopted.

recovered a similar sum in an action for money had and received. This relief was inconsistent with the remedy adopted. And no such issue was litigated below. *Bliss on Code Pleading, secs. 122, 164; Wright v. Delafield, 25 N. Y., 266; Bowen v. Mandeville, 95 id., 237; Storrs v. Flint, 14 Jones & Spencer, 498.*

Reversed and remanded for further proceedings.

COCKRILL, C. J., dissented from so much of the decision as reverses the judgment against Fluty.