RADUENZ VS. SCHOOL DISTRICT No. ONE, etc., imp.

SCHOOL DISTRICT: *(1, 3) Its liability, by statute, to subcontractor.*
ERROR: *(2) In ruling upon evidence, how cured.*

1. Under ch. 150 of 1873, a subcontractor under one who has contracted to build a school house for a school district, can recover from the district (in a suit against it and the principal contractor) only an indebtedness of the contractor to him to the amount due such contractor from the district when the action is commenced or when it is tried.*
2. In such an action, the question whether the trial court erred in ruling that the burden was on the plaintiff to show that the district had not paid the sum due from it to the principal contractor, is immaterial, where it appears clearly from plaintiff's own evidence that such sum was fully paid.
3. The principal contractor having been paid in school orders, and having left some of these in the hands of the clerk of the school district to pay debts of said contractor to third persons, for which the school board had become security, this was a sufficient appropriation of the orders by their owner, and it is immaterial whether or not the school board had any legal authority to guaranty the payment of those debts.

ERROR to the Circuit Court for *Kewaunee* County.

This action was brought on the 8th of February, 1876, under ch. 150, Laws of 1873, against school district No. 1 of the town of Ahnapee, in said county, and one Ross. The complaint alleges that Ross was a principal contractor with the district, during 1875, and January and February, 1876, for the construction of a school house for the district; that the district is indebted to Ross, as such contractor, in the sum of $1,384.69; that plaintiff was a subcontractor under Ross, and as such did work in the construction of said schoolhouse, between July 1, 1875, and January 16, 1876, to the value of $258; and that of this sum there remains due and unpaid,

---

* The statute provides that from the time of the service of the summons in the action, the school district shall be liable to the plaintiff subcontractor " for the amount that may be found due or owing by such principal contractor to such subcontractor, with all costs of such action, not exceeding the sum which it may owe to such principal contractor."—REP.

Raduenz vs. School District No. 1, etc., imp.

$201.78, for which, with interest from January 16, 1876, he demands judgment.

Ross did not answer. The district answered by a general denial, and an averment that Ross had been paid by it in full before the commencement of this action.

Plaintiff's evidence tended to prove all the averments of the complaint, except that relating to the indebtedness of the district to Ross at the commencement of the action. Upon this point his evidence was, that the whole sum which the district contracted to pay Ross, was $4,984.69; that the last payment ($1,384.69) was to be made on the completion of the building; and that the building was completed and accepted by the district, February 25th, 1876. Defendant moved for a nonsuit, on the ground that there was no proof that the district had not paid Ross in full. The court being of opinion that the motion was well grounded, defendant asked and obtained leave to call Ross as a witness. His testimony was to the effect that in December, 1875, school orders for the whole amount due or to become due on his contract, being between $800 and $1,200, were delivered to him in payment, and that he handed the greater part of them back to the clerk to pay one Swartz and one Fay certain amounts which the witness was owing to them, and payment of which had been guarantied by the district board. During the examination of this witness, the court refused to reconsider, at plaintiff's request, its ruling that the burden was on the plaintiff to show that Ross had not been fully paid by the district before this action was commenced. Another witness for the plaintiff was asked whether Ross had told him at any time that the district had not paid him; but the question was ruled out.

On defendant's motion, the plaintiff was nonsuited; and he sued out a writ of error to reverse the judgment.

For the plaintiff in error, a brief was filed by *G. G. Sedgwick*, and there was oral argument by *G. W. Foster*. They contended, 1. That the court erred in holding that the plaint-

Raduenz vs. School District No. 1, etc., imp.

iff must prove that the district had not fully paid Ross, and in granting judgment of nonsuit on failure of such proof. *Rudd v. Davis*, 1 Hill, 277; Phillips on Mechanics' Liens, § 294, and cases there cited. 2. That the transaction between the clerk of the district and Ross was no payment, the orders being in the hands of the board after that transaction as before; that the whole sum was not then due to Ross, and the board had no authority to guaranty payment of his debts; and that it should have been submitted to the jury whether the transaction was not merely an attempt to defraud subcontractors.

For the defendant in error, a brief was filed, signed by *D. W. McLeod* as attorney, and by *Taylor & Sutherland*, of counsel, and the cause was argued orally by *David Taylor*. They contended, 1. That by the terms of ch. 150, Laws of 1873, no provision is made for charging the school district, except with the sums actually due or owing from the district to the principal contractor at the time the summons is served, and the subcontractor cannot have a judgment that moneys thereafter to be earned under the contract shall be paid him when they become due, even though the same may have been earned and become due before the trial of the action; that even under the statute of garnishment (Tay. Stats., 1477, 1484, §§ 38, 65), which, unlike the statute of 1873, expressly declares that the garnishee shall stand charged as to all debts due and *to become due* from him to the principal defendant, he can only be charged for debts which are due absolutely in the future, and whose payment does not depend upon a contingency (*Bishop v. Young*, 17 Wis., 46; *Smith v. Davis*, 1 id., 447; *Wood v. Wall*, 24 id., 647; *St. Louis v. Regenfuss*, 28 id., 144), as is true in Massachusetts also under a similar statute regulating their trustee process. *Hadley v. Peabody*, 13 Gray, 200; *Osborn v. Jordan*, 3 id., 277; *Daily v. Jordan*, 2 Cush., 390; *Robinson v. Hall*, 3 Met., 301. 2. That the evidence here shows that the whole consideration

due and to become due to the principal contractor had been paid before the action was commenced. There was no payment in advance, except so far as the district or its officers had made it or themselves liable for loss; but even if there had been a prepayment, that would not entitle plaintiff to a recovery, in the absence of any evidence that it was made with intent to prevent him from collecting his claim of the district. *Robinson v. Hall, supra*. This court has held that where a garnishee has agreed before garnishment to pay what he owes the principal debtor to some creditor of that debtor other than the plaintiff, such agreement, even without actual payment of money, is a good answer to the garnishment. *St. Louis v. Regenfuss, supra; Putnam v. Farnham*, 27 Wis., 187; *Cahill v. Bennett*, 26 id., 577.

COLE, J. Under ch. 150, Laws of 1873, the subcontractor could only recover from the school district such sum or amount as was actually due from the district to the principal contractor when the action was commenced or was tried. The subcontractor could not have a judgment against the district for money thereafter to be earned by the principal contractor, when the same should become due. The language of the statute is, that from the time of the service of the summons and complaint as in other civil actions, such school district "shall be liable to such subcontractor for the amount that may be found due or owing by such principal contractor to such subcontractor, with all costs of such action, not exceeding the sum which it may owe to such principal contractor." Now it appears from the record that the summons and complaint were served on the district on the 8th of February, 1876. The evidence shows that the district did not then, nor at any time thereafter, owe the principal contractor anything, but that, on the contrary, the whole sum of $4,984.69 had been paid. Whether or not the court below was right in holding that the burden was on the plaintiff to show that the district

had not paid the sums mentioned in its contract with Ross, is now immaterial, in view of the fact that the plaintiff assumed to show, and did prove by his witnesses, that the whole amount had been paid in December previous.  It appears that Ross was paid in school orders, and some of these orders were left by him in the hands of the clerk of the district to pay Swartz and Fay the debts which the district board had become security for to those parties.  It is said that the school board had no legal authority to guaranty the payment of a debt by Ross.  Whether this proposition is correct or not is not a question on this record.  The action is not brought to enforce that guaranty; and it is sufficient to say that Ross had appropriated these orders to the payment of these debts, as he had the right to do, before the commencement of this action.

The judgment of the circuit court, dismissing the complaint as to the school district, must therefore be affirmed.

*By the Court.* — Judgment affirmed.