No. 8586.

BOARD OF COMMISSIONERS OF PIKE COUNTY *v.* NORRINGTON.

COUNTY BOARDS.—*Building or Repairs of Public Works.—Contractor's Bond.— Laborers and Material-Men.*—Under sections 4246 and 4247, R. S. 1881, it is the duty of the board of county commissioners to refuse to receive any bid for the building or repairing of any bridge or other county building, unless such bid be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freehold sureties, and guaranteeing the faithful performance and execution of the work bid for, and that, if the bidder receive the contract, the contractor shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon.

SAME.—*Failure or Neglect to Require Bond.—Liability of County.*—If, however, the county commissioners fail or neglect, from any cause, to require of the bidder or contractor any such bond, the county can not be held liable to any third party for any loss or damages, which may be claimed to result from such failure or neglect.

MECHANICS' LIEN.—*County Bridge.—Public Policy.*—A county bridge is not a "building," within the meaning of section 5293, R. S. 1881, in relation to the liens of mechanics, laborers or material-men, and public policy forbids either the acquisition or enforcement of any such lien upon or against a county bridge.

From the Pike Circuit Court.

*J. H. Miller* and *E. P. Richardson,* for appellant.

*E. A. Ely, C. H. Burton, F. B. Posey* and *J. W. Wilson,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant in a complaint of four paragraphs. To each of these paragraphs the appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained to the first, second and fourth paragraphs, and overruled as to the third paragraph, of the complaint. The appellant answered in four paragraphs. Appellee's demurrers for the want of facts were sustained to the first and second paragraphs of answer, and, on his motion, the fourth paragraph was struck out, leaving the cause at is-

sue on the general denial to the third paragraph of the complaint. The cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $709.71; and over the appellant's motions for a new trial, and in arrest of judgment, the court rendered judgment on the verdict.

In this court the appellant has assigned as errors the following decisions of the trial court:

1. In overruling its demurrer to the third paragraph of the complaint;

2. In sustaining the demurrer to the first and second paragraphs of its answer;

3. In striking out the fourth paragraph of its answer;

4. In overruling its motion for a new trial; and,

5. In overruling its motion in arrest of judgment.

The appellee has assigned as cross errors the decisions of the circuit court in sustaining the appellant's demurrers to the first, second and fourth paragraphs of his complaint. We will first consider and pass upon the errors assigned by appellant.

1. In the third paragraph of his complaint the appellee alleged, in substance, that on the 9th day of September, 1877, the appellant employed one H. T. Dare to build a bridge across Patoka river, at Winslow, in Pike county, at a point where the Petersburg and Boonville road, a public highway, intersected said river, and agreed to pay therefor the sum of $3,500; that said Dare built said bridge at the point named; that the appellee, at said Dare's request, from October, 1877, to May 14th, 1878, furnished lumber and re-sawed posts to be used, and which were used, in the construction of said bridge, and were reasonably worth the sum of $829, which sum was due and unpaid; that the appellant did not, at the time it employed said Dare to build said bridge, or at any other time, require him to execute a bond, payable to the State or to any one else, guaranteeing that he would promptly pay all debts incurred by him in the prosecution of the work of

building said bridge, including labor, materials furnished, and for boarding the laborers thereon; that the appellant did not take or receive from said Dare any such bond, nor did he ever execute any such bond as required by the act of March 14th, 1877; that at the time of performing said labor and furnishing said materials to said Dare, which were used by him in the construction of said bridge, the appellee believed, as he lawfully might, that the appellant had, in compliance with law, required of and received from the said Dare a bond, payable to the State of Indiana, guaranteeing that said Dare should promptly pay all debts incurred by him in the building of said bridge, including labor, materials furnished, etc., as provided by law; that, so believing, the appellee performed said labor, and furnished said materials, for which said Dare agreed to pay him said sum of $829, and that, so believing, he did not take any steps to hold the appellant liable by giving it written notice that Dare was so indebted to him for said labor and materials; that said bridge was finished and received by appellant, and the appellant paid said Dare in full for building said bridge the sum of $3,500, and said Dare had left the State, leaving no property subject to execution, before the appellee discovered that appellant had failed to require of and take from said Dare the said bond, as provided by law; that, at the time it paid said Dare said sum of money, the appellant well knew that he was indebted to the appellee in said sum of $829, for said labor and material so furnished for, and used by said Dare in, the construction of said bridge, and that the appellee had demanded said sum of money from said Dare, which he had failed to pay.

And the appellee averred and charged that, by reason of the appellant's failure to take from said Dare said bond, as provided by law, he, the appellee, was damaged in the sum of one thousand dollars; and that before the commencement of this suit the appellee demanded of the appellant payment of said sum of $829, and the appellant refused to pay said sum or any part thereof. Wherefore, etc.

The act of March 14th, 1877, referred to in the third para-graph of appellee's complaint, is entitled "an act to indem-nify counties against loss in certain cases, and to protect laborers, material-men and others from loss by persons con-tracting for county buildings and work." The act contained two sections. Omitting the enacting clause, the first section reads as follows:

"That no bid for the building or repairing any court-house, jail, poor asylum, bridge, fence or other county building or work, shall be received or entertained by the board of com-missioners of any county in this State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freehold sureties, which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor so receiving said contract shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials fur-nished and for boarding the laborers thereon."

Section 2 of said act provides as follows: "That any la-borer and material-man, or person furnishing board to said contractor, as in the first section of this act provided, and hav-ing a claim against such contractor therefor, shall have the right of action against such contractor and his bondsmen therefor: *Provided*, such person shall have first demanded payment of the same from such contractor." Acts 1877, Spec. Sess., p. 29.

It will be observed that this is an original act, and does not purport, in any of its provisions, either to amend or repeal any existing legislation. On March 11th, 1875, an act was approved amending the first, second and third sections of "An act regulating the sale of county property, and the let-ting of buildings and bridges, fences and monuments, and declaring an emergency," approved December 23d, 1872. In said amended third section, it was provided, among other

things, that the county board should require of the lowest responsible bidder "a bond with two good freehold sureties, in a penalty of at least one-fourth the cost of such work, conditioned for the faithful performance of such work, according to the plans and specifications so deposited, and the time, terms and conditions mentioned in said advertising of letting. Said bond shall be the only requirement said commissioners may demand of such lowest responsible bidder as a qualification for said work." 1 R. S. 1876, p. 375. This amended third section is not repealed, but it is materially modified by the provisions of the act of March 14th, 1877, above quoted, in at least two important particulars. The requisite bond must, under the later act, accompany the bid, and must guarantee, not only the faithful performance of the work, but that the contractor will "promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished and for boarding the laborers thereon."

In the third paragraph of his complaint, the appellee alleged, as we have seen, that the appellant had failed to require of and receive from the said Dare, as the contractor for the building of the bridge mentioned, the bond called for by the provisions of the above quoted act of March 14th, 1877. In other words, the appellee alleged that the appellant had failed to require of and receive from Dare a bond guaranteeing that he would promptly pay all debts incurred by him in the prosecution of the work of building said bridge, including labor, materials furnished, and for boarding the laborers thereon; that the appellee had performed labor and furnished materials, at Dare's request, in the construction of said bridge, and believing that the appellant had discharged its statutory duty in the premises, by exacting from Dare the requisite bond, he had taken no steps to secure the payment of the amount due him from Dare, for such labor and materials, until it was too late; and that, by means of the premises, he

was damaged in the amount that Dare owed him for his labor done and materials furnished. Does the failure or neglect of the appellant to require of and receive from Dare the bond called for by the provisions, above quoted, of the first section of the act of March 14th, 1877, render it liable to the appellee in damages for the amount due him from Dare for his work done, and materials furnished, at Dare's request, in the construction of said bridge? This is the question, as it seems to us, presented for our decision by the demurrer to the third paragraph of the complaint. We are clearly of the opinion that the question stated ought to be, and must be, answered in the negative. The appellee had no right to rely upon his mere belief that the appellant had required of and received of Dare the bond called for by the provisions of the statute; and if, as alleged, he did rely upon his belief that the appellant had exacted such bond, he acted at his peril in so doing, and the damages sustained by him were his loss and not the loss of the appellant. The act of March 14th, 1877, as its title indicates, was passed "to indemnify counties against loss" upon contracts made by county boards for the construction or repairs of public buildings. Certainly, it was not contemplated by the Legislature, in the enactment of that act, that if, from any cause, the board of commissioners of any county should fail or neglect to require of and receive from the contractor, for the construction or repairs of any county building, the bond provided for in the first section of the act, the county should be held liable to any third party for any loss or damages which might be claimed to result from such failure or neglect. There is nothing in the act which imposes any liability upon the county in such a case; and the courts are not authorized to extend the provisions of the act by construction, so as to impose such liability upon the county.

For the reasons given, we are of the opinion that the facts stated by the appellee in the third paragraph of his complaint were not sufficient to constitute a cause of action against the

appellant, and that its demurrer to the paragraph ought to have been sustained.

This conclusion renders it unnecessary for us to consider or pass upon any of the other errors assigned by the appellant upon the record of this cause, or to decide any question thereby presented. The appellee's claim against the appellant is stated, without doubt, as fully and as strongly as the facts of the case will warrant, in the third paragraph of his complaint; and, upon the facts there stated, it seems clear to us that the appellant can not, in any event, be held liable to the appellee in damages for the amount of his claim against Dare. Under this view of the case, the other errors assigned by the appellant are unimportant, and we need not consider them.

The cross errors assigned by the appellee present for decision the single question, whether or not a mechanic's lien can be acquired upon, or enforced against, a public bridge erected by a county board on, and constituting a part of, a public highway, by a mechanic, material-man or other person performing labor thereon. Upon this question, we have no doubt. We do not think that such a bridge can be regarded as a "building," within the purview of section 647 of the civil code of 1852; and we are clearly of the opinion that public policy forbids either the acquisition or enforcement of such a lien upon or against such a bridge. In each of the first, second and fourth paragraphs of his complaint, the appellee sought to enforce such a lien upon such a bridge; and to each of these paragraphs, the appellant's demurrer was sustained. These rulings were right, as it seems to us; and, therefore, we hold that appellee's cross errors are not well assigned.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the third paragraph of the complaint, and for further proceedings in accordance with this opinion.