WILKINSON vs. HOFFMAN, imp.

*November 28 — December 16, 1884.*

*(1) Liens: Municipal corporations: Water-works.   (2) Rights of sub-
contractor and surety completing contract.*

1. The lien of a subcontractor under sec. 3314, R. S., does not extend
   to machinery furnished by him and placed in a building consti-
   tuting a part of the water-works of a city.
2. A subcontractor furnished boilers for the water-works of a city.
   The principal contractor failed to complete his contract and a
   surety for its performance proceeded to complete the same.   In
   an action by the subcontractor to enforce a lien on the boilers,
   the city (which was not indebted to the principal contractor but
   only to the surety) paid into court the amount due to the plaintiff
   for the boilers.   *Held*, that such fund belonged to the surety and
   not to the subcontractor, and a judgment awarding it to the latter
   is reversed on an appeal by the surety.

APPEAL from the Circuit Court for *Dane* County.

The action is to enforce a lien upon three tubular boilers
with attachments, and was originally brought against George
A. and Leon Libbey and the city of Madison.   Subsequently
*John C. Hoffman* was made a defendant upon the allegation
that he claimed some interest in the money to be paid by
the city.   The facts will sufficiently appear from the opin-
ion.   The plaintiff had a judgment against the defendants
Libbey for $3,734.54 damages and $66.04 costs; and it was
further adjudged that he had a lien upon the boilers to that
amount superior to the claim of any of the defendants, and
a right to remove the boilers, provided, however, that the
defendant city might pay said amount into court, and upon
such payment might retain the boilers and deduct that
amount from the sum due to the defendant *Hoffman*.   From
such judgment, except that part of it which proceeds against
the defendants Libbey, *Hoffman* appealed.

For the appellant there was a brief by *Jenkins, Winkler
& Smith*, and oral argument by *Mr. Winkler*.

For the respondent there was a brief by *Cottrill & Hanson*, attorneys, and a supplemental brief by *Markham & Noyes*, counsel, and the cause was argued orally by *Mr. Noyes*.

COLE, C. J. This action was brought to enforce a mechanic's lien, arising out of the following facts: It appears that the defendants Libbey had a contract with the city of Madison for the construction of water-works. The plaintiff sold them three boilers, with attachments, for these works, which were placed in a building belonging to the city, and constituting a part of its works. These boilers are in the use of the city. The Libbeys failed to complete their contract, and never paid for the boilers. The defendant *Hoffman*, having signed as surety the bond given by the Libbeys for the faithful performance of their contract, after they abandoned the work, to save himself from liability on his bond, with the consent of the city, proceeded to complete the water-works according to the Libbey contract. The city has paid into court the amount found due the plaintiff for the boilers. The contest is as to what party is entitled to that money.

The plaintiff, as subcontractor, claims a lien under the last clause of sec. 3314, R. S. This clause, in substance, provides, where a person contracts for the purchase of machinery to be placed in any building in which he has no sufficient interest to sustain a lien to secure the payment for such machinery, the person furnishing the machinery shall have and retain a lien upon the machinery, and shall have the right to remove it from the building in case there shall be default in paying for it when due, leaving the building in as good condition as it was before the machinery was placed in it. And the question is, Has this provision any application to the case at bar? We think it has not. It has never been understood that the statutes giving a mechanic's lien ex-

tended to, or could be enforced against, the building and real estate of a municipal corporation held for public use. The considerations founded on grounds of public policy and regard for the objects of municipal government forbid that this clause should be held to apply to machinery placed in a building constituting a part of the city water-works, as strongly as to exempt the building itself. The public inconvenience which would result from having such machinery removed is too obvious and grave to require any discussion. The comfort, health, safety, and property of the citizens would be greatly endangered by allowing the facilities for procuring water to be suspended, even for a short period. In view of the serious consequences which would result by allowing the lien to attach to machinery thus used, and which more than countervail any private advantage, we are inclined to hold that the provision does not apply in the case before us. True, the city has paid into court the price of the boilers; but suppose it had not done so, if the lien is given they might be removed. Consequently, on grounds of public necessity and convenience, we must hold that the lien did not attach. The case stands upon the same ground as where material is furnished for a county court house, jail, public school building, or other public building, which are held to be exempt from the operation of mechanic's lien laws. See Phil. Mech. Lien, § 179, and cases cited in the notes; also, *Leonard v. Brooklyn*, 71 N. Y. 498; *Pike Co. Comm'rs v. Norrington*, 82 Ind. 190; *Parke Co. Comm'rs v. O'Conner*, 86 Ind. 531.

In *Burnham v. Fond du Lac*, 15 Wis. 193; *Buffham v. Racine*, 26 Wis. 449; and *Merrell v. Campbell*, 49 Wis. 535, it was held that a municipal corporation was not subject to the ordinary process of garnishment. In 1873 the legislature enacted ch. 150, which is very nearly the same as sec. 3328, R. S. This section gives the subcontractor who has done work or furnished material to any principal contractor for

the construction and repair of any building or machinery for any county, town, city, village, or school district, an action therefor against such principal contractor, and such county, town, city, etc., jointly, for the recovery of the value thereof. "But no judgment shall be rendered against any defendant therein, other than such principal contractor, for any amount greater than the amount due from it to such principal contractor at the time of the commencement of such action." On rendition of judgment in such action against the principal contractor, the court may also render judgment against the county, town, city, etc., for the amount due from it to the principal contractor when the suit was commenced, or to a sufficient amount to pay the judgment recovered against the principal contractor, and payment thereof shall discharge its indebtedness to such principal contractor for the amount so paid. In *Klaus v. Green Bay*, 34 Wis. 628, the remedy thus given was considered to be in the nature of a garnishee proceeding against the political corporation or municipality, where it could discharge its indebtedness to the principal contractor by paying the subcontractor the amount due him from such principal contractor. But the subcontractor is expressly limited in his recovery to the amount due from the municipal corporation to the principal contractor when the suit was commenced. In this case the court finds that the city of Madison was not indebted to the Libbeys at the time of the commencement of this action. The correctness of this finding is not questioned; therefore there could not be any recovery against the city in this case. *Raduenz v. School Dist.* 42 Wis. 397.

The circuit court adjudged that the plaintiff was entitled to a lien on the boilers and attachments superior in equity to the rights of any of the parties to the action, and that he had the right to remove them, leaving the building in as good condition as it was before the boilers were placed in it. The court further directed in its judgment that the city

might, within thirty days after the service upon it of notice of the entry of the judgment, pay into court the amount adjudged to be due the plaintiff, and retain the boilers and attachments, and might also deduct the amount so paid from the amount due upon its contract with the Libbeys, which was assigned to the defendant *Hoffman.*

The city has not appealed from the judgment, but, as stated by counsel on both sides, has paid the money into court, though the record does not show the fact. But it is doubtless the case, hence the remark was made that the contest seems to have narrowed down to the question as to who shall have this fund. It is said if the court below did adjudge to the plaintiff relief beyond what the statute sanctions, still that this does not concern *Hoffman;* that he is in no position to complain of the judgment for that reason. But owing to his liability as surety on the Libbey bond for the faithful performance of the work, as well as from the fact that he became the assignee of the contract and completed the work, he holds such a relation to the litigation that he can object to the judgment as it now stands. He has a direct interest in reversing so much of the judgment as gives the lien, and which authorizes the city to pay the money into court and deduct the amount out of any moneys due and coming to him on the contract. This, it seems to us, is plain.

As to what direction shall be given for paying out the money in the court below is a more difficult question. It is claimed on the part of plaintiff that he has a superior right to this fund. His counsel insist that as *Hoffman* had the benefit of these boilers, as by means of them he performed his contract and secured the money due from the city for the work, he is bound by every principle of equity and justice to pay for them, and that the money in court should be applied to such payment. The case, he says, is analogous to that where a party voluntarily accepts of services rendered or

materials furnished, and uses the same for his own benefit, where the law implies a promise to pay for them, though not so rendered or furnished at his request. This view struck me with considerable force, and I was inclined to consider it correct. My brethren, however, think the plaintiff stands in no better position than any other creditor of the Libbeys who may have furnished them with money or materials to carry on the work. Consequently, they hold that the plaintiff has no superior right to the fund over the defendant. This being the case, the fund must be paid to the defendant *Hoffman*.

*By the Court.*— That part of the judgment appealed from is reversed, and the cause is remanded for further proceedings in accordance with this opinion.