UNION REDDI–MIX COMPANY, a Missouri
Corporation, Plaintiff-Respondent,

v.

SPECIALTY CONCRETE CONTRACTOR, a
Missouri Corporation, et al., Defendants,

The City of Union, a Municipal Corporation,
Defendant-Appellant.

No. 34234.

Missouri Court of Appeals,
St. Louis District.

Jan. 25, 1972.

Thomas J. Briegel, Union, for defendant-appellant.

E. A. Stierberger, Union, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal from the action of the trial court allowing a mechanic's lien in favor of the plaintiff-respondent, Union Reddi-Mix Co., Inc., on waterworks property owned by the City of Union. The issue is whether a mechanic's lien can be allowed and enforced against waterworks property of a municipal corporation. We hold that it cannot and reverse.

This action was commenced on January 9, 1971 by the filing of a petition by plaintiff, Union Reddi-Mix Co. (hereinafter Reddi-Mix) in the Circuit Court of Franklin County alleging that the appellant, City of Union (hereinafter City), entered into an agreement with the defendant, Specialty Concrete Contractor (hereinafter Specialty), pursuant to which Specialty became the general contractor for the construction of a new shed at the waterworks department owned by the City. Reddi-Mix furnished certain materials, supplies and labor which were used in the construction, repair and remodeling of buildings on the land amounting to $624.86, including interest. The materials consisted of building supplies furnished between April 23, 1970 and September 9, 1970. On November 13, 1970, Reddi-Mix served on the City a notice that it claimed a lien on the property and improvements for the materials sold and delivered. On December 2, 1970, Reddi-Mix filed its lien in the Circuit Court of Franklin County. Reddi-Mix prayed judgment against Specialty in the sum of $625.86 ($1.00 being added for the filing of the mechanic's lien) together with interest and costs, and in addition prayed that the account be adjudged a mechanic's lien against the "building, dwellings, improvement[s], appurtenances and land" and "that special execution [issue] against said buildings, dwellings, improvements, appurtenances and land to satisfy said judgment, interest and costs. . . ." Specialty gave the notice that it holds a claim against the building and improvements. The City moved to dismiss the petition on the ground that the petition failed to state a claim. The motion was overruled.

On April 26, 1971 a trial was held before the court sitting without a jury. A wit-

ness for Reddi-Mix testified that the real estate was owned by the City upon which was the "city water works building"; that Reddi-Mix furnished certain materials for the construction and improvement of a "new shed at the water works department," and certain yards of concrete were furnished. Reddi-Mix prayed that if sufficient property of Specialty could not be found that "special execution then issue against the buildings, dwellings, improvement and land" of the City to satisfy the judgment. The court entered its judgment on April 26, 1971 that Reddi-Mix recover from Specialty the sum of $624.86 plus interest in the sum of $24.96 or a total of $649.82 plus costs. The court further ordered that the judgment "is a special lien against the defendant the City of Union, a Municipal Corporation's real estate, [described]."

Specialty did not appeal. The City filed its Notice of Appeal from the judgment. The appeal was perfected.

The City makes two points on this appeal: 1) a mechanic's lien cannot be created against public buildings in Missouri, and 2) public property is not subject to seizure and execution when such property is used for a public purpose. We have not been favored with a brief by Reddi-Mix.

Mechanic's liens, as distinguished from common law artisan's liens, are purely creations of statute. Davidson v. Fisher, Mo.App., 258 S.W.2d 297; Chapt. 429, RSMo 1969, V.A.M.S. The courts are practically unanimous in holding that absent a specific statute, a mechanic's lien does not attach to buildings and property owned by a municipality and used for the benefit of the public. A case similar to the instant case is Wilkinson v. Hoffman, 61 Wis. 637, 21 N.W. 816. There a subcontractor sought a mechanic's lien on waterworks property and a contest developed as to the money paid into court by the city. One question raised was whether a lien was applicable to the waterworks. The court said (loc. cit. 816): ". . . It has never been understood that the statutes giving a mechanic's lien extended to, or could be enforced against, the building and real estate of a municipal corporation held for public use. . . ."

While there are no Missouri decisions directly dealing with the issue raised in this case, the view espoused by the majority of courts is evidenced in several Missouri decisions involving school buildings. Burton Machinery Co. v. Ruth, 194 Mo. App. 194, 186 S.W. 737; Cabool School District v. United States Fidelity and Guaranty Co., Mo.App., 9 S.W.2d 103, 105, and our Supreme Court stated in City of St. Louis v. O'Neill Lumber Co., 114 Mo. 74, 21 S.W. 484, 486 that "[M]echanics and materialmen . . . are not, under the law as judicially construed, entitled to a mechanic's lien against any property belonging to the city . . . ."

The reason for and the policy behind the general rule is clear. Section 429.010 [1] provides: "Every mechanic or other person, who shall do or perform any work or labor upon . . . any building . . . shall have for his work or labor done, or materials . . . a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated . . . ." Provisions are made for execution, § 429.250. To adjudge a mechanic's lien and to enforce it upon public property owned by a city, such as a waterworks property would seriously jeopardize the health, safety and comfort of the inhabitants of the community. "The public inconvenience which would result . . . is too obvious and grave to require any discussion. The comfort, health, safety, and property of the citizens would be greatly endangered. . . ." Wilkinson v. Hoffman, *supra*, (loc. cit. 21 N.W. 816).

Various theories have been promulgated by different courts to justify the rule that

---

[1]. All references are to RSMo 1969, V.A.M.S.

public property owned by a county or city for a public purpose is not subject to such a lien as (1) it is against public policy, (2) general mechanic's liens are not construed to apply to cities or counties unless expressly made to do so and (3) public property is exempt by statute from seizure and sale under execution and hence the same rules should be applied to mechanic's liens. See Annot., 26 A.L.R. 327.

Property of a municipality when used for a public purpose is not subject to seizure and execution. This policy has been legislatively recognized in § 513.455: "All courthouses, jails, clerks' offices *and other buildings* owned by any county or *municipality,* and the lots on which they stand . . . shall be exempt from attachment and execution." (Emphasis added). Even independently of statutory exemption, and as a general proposition, property held by a municipal corporation which is held in trust for the benefit of the public and used for public purposes, is exempt from execution. Burgess v. Kansas City, Mo.App., 259 S.W.2d 702, 704. The courts of this state have recognized that it is contrary to public policy to sell property owned by a municipal corporation on execution. Security State Bank v. Dent County, 345 Mo. 1050, 137 S.W.2d 960. The General Assembly also has evinced its policy in analagous situations that waterworks systems acquired by a city are "entirely" exempt from execution or sale. Section 91.290.

To allow mechanic's liens on public works, or to permit seizure and execution of public waterworks and the land on which they are located would, in short, greatly impede the purpose of a municipality's creation and would be detrimental to the inhabitants of that community.

From the authorities, both statutory and judicial, it is evident that the respondent cannot have a seizure or execution upon the waterworks property of the City of Union. From this it follows that a mechanic's lien cannot be imposed upon such property.

The judgment against the appellant, City of Union, is reversed.

BRADY, C. J., and DOWD, SMITH and WEIER, JJ., concur.