COMMERCE BANK OF KANSAS CITY, N.A., Plaintiff–Appellant,

v.

HOUSING AUTHORITY OF KANSAS CITY, MISSOURI, Defendant–Appellee,

Principal Mutual Life Insurance, Company, Garnishee–Appellee,

Tag Associates of Kansas City, Inc., Appellee.

No. 94–3680.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1995.

Decided Aug. 17, 1995.

James F.B. Daniels, Kansas City, MO, argued, for appellee Housing Authority of Kansas City.

Tedrick A. Housh, III, Kansas City, MO, argued (Robert W. McKinley and Lawrence M. Maher, on the brief), for appellee Principal Mut. Life Ins. Co.

Before WOLLMAN, Circuit Judge, FRIEDMAN *, Senior Circuit Judge, and LOKEN, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The question is whether the district court properly quashed an attempted garnishment of funds held by an insurance company in a pension account for employees of a public housing authority because under state law the funds are public funds and therefore exempt from garnishment. We affirm.

## I.

The basic underlying facts are undisputed. The appellee, the Housing Authority of Kansas City (Housing Authority), a municipal corporation, borrowed $1,260,000 from the appellant Commerce Bank of Kansas City (Commerce Bank) and gave the bank a promissory note. The Housing Authority defaulted on the loan, and Commerce Bank sued the Housing Authority in a Missouri state court for the balance due. The state court granted summary judgment for the bank, but the Housing Authority has not paid the judgment.

In 1990 the appellee Principal Mutual Life Insurance Company (Principal Insurance) became the custodian of the funds of the Housing Authority's pension plan for its employees. Principal Insurance maintained two funds under the plan, which it administered and invested. By August 1993 Principal Insurance held approximately $600,000 in one of those funds, which represented forfeitures of former Housing Authority employees whose rights under the plan had not vested.

In April 1992 the Housing Authority transferred to the Federal Department of Housing and Urban Development the authority to manage the Authority. In July 1993 the United States District Court for the Western District of Missouri placed the Housing Authority in receivership and appointed United States Magistrate Judge Robert E. Larson as a special master to serve as temporary receiver of the Authority.

In August 1993 Commerce Bank filed in a Missouri state court a garnishment against the pension fund of the Housing Authority that Prudential Insurance held. Magistrate Judge Larson, as special master and receiver, removed the case to the United States District Court for the Western District of Missouri. Prudential Insurance, unable to ascertain whether those funds belonged to the Housing Authority or the latter's employees, filed in the same district court a declaratory judgment action to determine that question. The district court consolidated that action with the garnishment proceedings.

The Housing Authority moved to quash the garnishment, and the district court ** granted the motion.

After upholding the removal of the suit from the state to the federal court, the court stated:

Funds of a municipality or other public body exercising governmental functions, acquired by it in its governmental functions, however, may not be reached by garnishment. Absent evidence to the contrary, it appears that the funds held by Principal Insurance were acquired by the

---

* DANIEL M. FRIEDMAN, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Housing Authority through its governmental functions. Accordingly, these funds are inherently public funds and as such are exempt from execution. [Citation omitted]

The court agreed with the Housing Authority's "alternative argument for dismissal of the garnishment proceedings, claiming that if the funds are property of employee participants in its pension plan, the funds are entirely exempt from execution. The court agrees that the garnishment proceeding against the funds held by Principal is also improper if [the Housing Authority] has no rights in the funds or to the extent that the Authority is found to have no rights in the funds."

## II.

■ The court also stated that "it makes no attempt herein to determine the rights of the various parties to the funds which are the subject of the garnishment. The issue of rights in these funds is the subject of the declaratory judgment brought by Principal [Insurance] and will be determined accordingly in that action."

■ State law determines the practice and procedure relating to execution and proceedings in aid of execution, including garnishment Fed.R.Civ.P. 69; *see Weir v. United States*, 339 F.2d 82 (8th Cir.1964). Missouri law permits a court, upon motion, to set aside or quash an execution or proceeding in aid of execution, where, among other things, execution is directed at property not subject to such process. Mo.Rev.Stat. § 513.360; *Ryan v. Bradbury*, 89 Mo.App. 665 (1901).

■ The Housing Authority is a municipal corporation, and "as a general proposition, property held by a municipal corporation which is held in trust for the benefit of the public and used for public purposes, is exempt from execution." *Union Reddi–Mix Company v. Specialty Concrete Contractor*, 476 S.W.2d 160, 162 (Mo.App.1972). "Presumptively, however, all property of every kind held by a municipality is for the public use, and the onus of overcoming such presumption rests on the plaintiff in execution." *Burgess v. Kansas City*, 259 S.W.2d 702, 704 (Mo.App.1953) (quoting 21 Am.Jur. § 457 at

230). The court must determine whether the "property is reasonably necessary for public use." *Security State Bank v. Dent County*, 345 Mo. 1050, 137 S.W.2d 960, 963 (1940); *Redbird Engineering Sales v. Bi–State Development Agency*, 806 S.W.2d 695, 698 (Mo.App.1991). If it is, then it is exempt from execution, because allowing execution on property held for "the purpose of exercising ... governmental or ... constitutional power ... would interfere with the exercise by [the Housing Authority] of some of the powers for which it was organized." *Burgess*, 259 S.W.2d at 704.

Missouri law explicitly authorizes the Housing Authority to establish a pension plan for its employees. Mo.Rev.Stat. § 67.200(1). The funds the Housing Authority committed to its pension plans are reasonably necessary for the public use because the plans are reasonably related to the performance of the Authority's governmental function of "establish[ing], maintain[ing], and operat[ing] ... housing project[s] ..." *State ex rel. St. Louis Housing Authority v. Gaertner*, 695 S.W.2d 460, 462 (Mo. banc 1985). The Authority can function only through its employees, and to hire and retain competent employees the Housing Authority reasonably determined to provide a pension plan. *Cf. Redbird Engineering Sales*, 806 S.W.2d at 699 (public transportation authority's repair garage facility was "reasonably necessary for public use" because the vehicles used in public transportation often need repairs, which were performed at the garage). Missouri itself has recognized the need for its public agencies to furnish pensions for their employees.

Thus, we reject Commerce Bank's argument that because pension funds are intended to benefit the employees and retirees of the Housing Authority, rather than the public generally, garnishing funds allocated to this function would not interfere with the Housing Authority's ability to establish, maintain, and operate housing projects. Indeed, many of the beneficiaries of the pension plans presumably are engaged in the actual establishment, maintenance and operations of the Authority's housing projects. The Housing Authority's pension plan funds are public funds because they play a signifi-

cant role in enabling the Authority to perform its public purpose. *Cf. Police Retirement Sys. v. Kansas City,* 529 S.W.2d 388, 393 (Mo.1975) (government funds paid to a pension plan do not "lose their identity as public funds").

Since we hold that under Missouri law the pension funds of the Housing Authority that Principal Insurance holds are exempt from garnishment, we do not consider whether the funds are the property of the Housing Authority or of the participants in the plan. That is an issue the district court declined to address because it is the subject of the declaratory judgment action pending in that court. Nothing we say here intimates any views on that issue.

The judgment of the district court is affirmed.